■ SALL J. SIDOTI, Appellant, v STATE OF NEW YORK, Re-

spondent.—Weiss, J. Appeal from an order of the Court of Claims (Koreman, P. J.), entered September 26, 1984, which denied claimant's motion for summary judgment and dismissed the claim.

Claimant, employed since 1968 by the Department of Law as an Assistant Attoney-General in the Mental Hygiene Bureau, commenced this action seeking reimbursement for travel expenses in the amount of $1,838.60, covering the period June through November of 1982. Claimant utilizes his own vehicle to travel to various hospitals in New York for hearings. Claimant's travel vouchers were approved by the finance officer of the Department of Law, but upon audit by the Department of Audit and Control (the Department), they were reduced in the amount of $385.25 (see, State Finance Law § 109 [1], [4]). The reduction reflected a policy within the Department to only reimburse for the lesser of the mileage between an employee's home and his destination or his official station and the destination when the trip is within a 35-mile radius of his official station (see, 2 NYCRR 8.4 [a], [d]).

Claimant resides in West Hempstead, Nassau County, and his official station is at Two World Trade Center in Manhattan. Claimant's travels were shorter from his official station to the various destinations, so the Department reimbursed him on this basis rather than for actual mileage from his home. Claimant rejected the Department's tender of the lesser sum and commenced the instant action against the State. Ultimately, the Court of Claims denied claimant's motion for summary judgment, and dismissed the claim on the grounds that a CPLR article 78 proceeding was the appropriate remedy and, in any event, claimant failed to state a cause of action. Claimant has appealed.

There should be an affirmance. In our view, the Court of Claims properly determined that it did not have subject matter jurisdiction over this claim. Jurisdiction in the Court of Claims is fixed by the NY Constitution and by statute (NY Const, art VI, § 9; Court of Claims Act §§ 8, 9) and generally pertains to money damage awards against the State in either appropriation, contract or tort cases (Court of Claims Act § 9 [2]; Psaty v Duryea, 306 NY 413, 416; Matter of Silverman v Comptroller of State of N. Y., 40 AD2d 225). Whether the instant action constitutes one for money damages is not determined by how claimant characterizes it in his pleadings, but on the actual issues presented (Schaffer v Evans, 86 AD2d 708, 709, affd 57 NY2d 992). Upon our review of the record, it becomes clear that the primary issue raised is whether the

Department is authorized to substitute its discretion for that of the Department of Law by adjusting the voucher reimbursements. Claimant contends that the Department of Law has the final authority concerning travel expenses pursuant to 2 NYCRR 8.0 (a). Therefore, the money damages sought are merely incidental to the primary question of the Department's reimbursement procedures. In addition, claimant's characterization of the claim as breach of an implied contract, raised for the first time in his brief, is untimely *(Arnold v New City Condominiums Corp.,* 88 AD2d 578) and, certainly, not controlling *(Schaffer v Evans, supra).* The Court of Claims lacks jurisdiction over this case and, absent a motion seeking transfer to an appropriate forum (CPLR 325 [a], [b]), it properly dismissed the claim.

Order affirmed, with costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.