■ OZANAM HALL OF QUEENS NURSING HOME, INC., Appellant, v STATE OF NEW YORK et al., Respondents. [661 NYS2d 54] —Mercure, J. Appeal from an order of the Court of Claims (McNamara, J.), entered March 28, 1996, which, *inter alia*, dismissed a portion of the claim for lack of subject matter jurisdiction.

Public Health Law § 2807-d (2) (b) imposes a 1.8% "assessment" on the gross receipts from all patient care services and other operating income of certain health care providers, including nursing homes. The assessment is to be paid monthly, 15 days following the end of the calendar month to which the assessment applies. The statute provides for interest and penalty to be assessed on certain late payments and the underpayment of estimated assessments (*see*, Public Health Law § 2807-d [5], [8]), and the Commissioner of Social Services (among others) is authorized to collect such deficiencies, penalty and interest by withholding the amount thereof from any payment due from the State to the noncomplying facility (*see*, Public Health Law § 2807-d [6], [8]). In the present case, by notice dated October 27, 1993, respondent State Department of Health advised claimant that it owed $4,846 in penalties and interest based upon claimant's late payment of its April 1992 and October 1992 assessments. On December 27, 1993, respondent State Department of Social Services withheld that sum from Medicaid reimbursement funds due claimant.

Alleging, *inter alia*, that the December 1993 "appropriation" of claimant's funds violated NY Constitution, article XVI, § 1, on April 25, 1994 claimant commenced this action against the State seeking to recover the $4,846 and, in addition, a judgment prohibiting the State from appropriating future funds due and owing claimant based upon its failure to pay assessments under Public Health Law § 2807-d. In its answer, the State controverted claimant's claim and asserted as affirmative

defenses that (1) claimant did not qualify for an exemption for penalties and interest charges for late payments, (2) the Court of Claims lacked subject matter jurisdiction because a CPLR article 78 proceeding was claimant's exclusive remedy to challenge the assessment, and (3) the Court of Claims lacked jurisdiction to enter a judgment prohibiting the State from appropriating funds. Claimant moved to dismiss the affirmative defenses and the State opposed the motion, contending that the Court of Claims lacked jurisdiction to review the constitutionality of Public Health Law § 2807-d, to issue a declaratory judgment or to grant injunctive relief. In its disposition of the motion, the Court of Claims *sua sponte* dismissed so much thereof as sought a declaration of the unconstitutionality of Public Health Law § 2807-d as applied to claimant and sought a judgment prohibiting the State from appropriating funds in the future. Claimant appeals.

We affirm. Fundamentally, although "in determining claims for money damages against the State, the Court of Claims may apply equitable considerations and perhaps, to some extent, may grant some sort of incidental equitable relief" (*Psaty v Duryea*, 306 NY 413, 417), that court's primary jurisdiction is limited to actions seeking money damages against the State in appropriation, contract or tort cases (*see*, Court of Claims Act § 9 [2]; *Psaty v Duryea*, *supra*, at 416; *Sidoti v State of New York*, 115 AD2d 202, 203). As such, the Court of Claims has "no jurisdiction to grant strictly equitable relief * * * with the return of the money to follow as a consequence of the equitable relief, if granted" (*Psaty v Duryea*, *supra*, at 416-417). The question, then, is "[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim" (*Matter of Gross v Perales*, 72 NY2d 231, 236).

In this case, we believe the answer is rather obvious. Claimant seeks nothing less than a declaration that the overall "assessment scheme" of Public Health Law § 2807-d is unconstitutional as applied to it or, as an assertedly harmonizing alternative, a declaration that the provisions do not apply to not-for-profit health care and other charitable organizations such as claimant. As for the monetary relief demanded, it should suffice to note that, of the $504,000 claimant paid under the challenged statutory scheme during the one-year period commencing April 1, 1992, its damage request is limited to less than 1% thereof. The inescapable conclusion to be drawn is that claimant's essential claim is for equitable relief, with the monetary claim representing, at most, a minor incident thereto.

As a final matter, we note that the recent decision of the Court of Appeals in *Brown v State of New York* (89 NY2d 172) offers claimant no assistance. Although significant for its expansion of Court of Claims jurisdiction to constitutional tort claims, that decision has no effect on the critical distinction between claims for monetary damages and those that are essentially equitable in nature (*see, id.*; *compare, Matter of Gross v Perales, supra*).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.