■ Safety Group No. 194—New York State Sheet Metal Roofing & Air Conditioning Contractors Association, Inc., et al., Appellants, v State of New York, Respondent. [750 NYS2d 146] —Rose, J. Appeal from an order of the Court of Claims (Sise, J.), entered April 23, 2001, which granted defendant's motion to dismiss the claim.

In 1997, after purchasing workers' compensation insurance through the State Insurance Fund (hereinafter Fund) for many years as members of a safety group,* claimants discontinued their policies and sought payment of final dividends pursuant to the policies' safety group endorsement (hereinafter the endorsement). The endorsement provided that, upon the

---

* To promote accident prevention and minimize insurance costs, Workers' Compensation Law § 90 permits employers in the same trade or industry to form a safety group to purchase group insurance from the Fund.

group's discontinuance, the Fund would prepare an accounting to determine whether premium dividends would be declared. However, "[b]efore making the dividend declaration * * *, such an amount * * * shall be set aside as in the opinion of the [Fund], may be necessary to cover all contingencies." In response to claimants' request, the Fund determined that no dividends would be issued and informed them that this resulted "from loss development on past claims and from reserving for anticipated future loss development on these claims." Claimants then brought this action alleging that the Fund had breached its contract with them by failing to pay final dividends. The Court of Claims granted defendant's motion to dismiss, finding that the court lacked subject matter jurisdiction of claimants' cause of action because it was equitable in nature. Claimants now appeal, contending that their claim can be construed as a breach of contract claim within the jurisdiction of the Court of Claims, and that the Fund, through the endorsement, had contractually forfeited its statutory discretion to withhold dividends.

To determine whether the Court of Claims has subject matter jurisdiction of a claim, the relevant inquiry is " '[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim' " (*Ozanam Hall of Queens Nursing Home v State of New York*, 241 AD2d 670, 671, quoting *Matter of Gross v Perales*, 72 NY2d 231, 236; *see* CPLR 7806). "When the damage allegedly sustained arises from a breach of the contract by a public official or governmental body, then the claim must be resolved through the application of traditional rules of contract law" (*Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 7-8). However, when a party seeks to annul an agency's determination because it was arbitrary and capricious, then a CPLR article 78 proceeding is appropriate (*see id.* at 8).

It is axiomatic that the payment of dividends to policyholders is within the discretion of the Fund (*see* Workers' Compensation Law § 90; *Methodist Hosp. of Brooklyn v State Ins. Fund*, 64 NY2d 365, 376, *appeal dismissed* 474 US 801). Contrary to claimants' contentions, this discretion is preserved in the endorsement by its express provision that the Fund has the authority to make loss assessments and set aside an amount that, in its opinion, is needed to cover contingencies. Thus, the policies unambiguously give the Fund discretion, rather than impose a contractual duty, to declare a dividend when they are discontinued (*cf. Dennis Fink Trucking v State of New York*, 264 AD2d 582 [overpayment of premiums]), and the money

damages sought by claimants are incidental to the equitable remedy of obtaining judicial review of the exercise of the Fund's discretion (*see Matter of Gross v Perales, supra* at 236).

Since the Court of Claims lacks subject matter jurisdiction to review whether the Fund abused its discretion or acted arbitrarily and capriciously in estimating the amount of loss generated by claimants, or planned for an unreasonably large contingency balance, it properly dismissed the claim. Claimants' alternate contention that the Court of Claims has concurrent jurisdiction of their claim is also without merit.

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.