◼ CAROLINE MADURA, Appellant, v STATE OF NEW YORK, Respondent. [784 NYS2d 214]—

Carpinello, J. Appeal from an order of the Court of Claims (Collins, J.), entered October 3, 2003, which granted defendant's

motion to dismiss the claim for lack of subject matter jurisdiction.

Claimant unsuccessfully applied for federal grant money to recover for losses she allegedly incurred as an Orange County onion farmer between crop years 1996 and 2000. Her application was premised upon Farm Security and Rural Investment Act of 2002 § 10106, which granted $10 million to defendant "to be used to support onion producers in Orange County, New York, that have suffered losses to onion crops during [one] or more of the 1996 through 2000 crop years" (Farm Security and Rural Investment Act of 2002, Pub L 107-171, § 10106, 116 US Stat 134). The Department of Agriculture and Markets, the state agency authorized to receive and disburse this grant money (see Agriculture and Markets Law § 16 [32]), denied claimant's application on the ground that she did not qualify for any funds because she had not planted onion crops continuously through, and including, the 2001 and 2002 crop years.*

Instead of commencing a CPLR article 78 proceeding to challenge the denial of her application, claimant commenced this action in the Court of Claims alleging breach of an implied contract. At issue is an order of the Court of Claims dismissing the claim for lack of subject matter jurisdiction. We affirm.

As a court of limited jurisdiction, the Court of Claims has no jurisdiction to grant strictly equitable relief (see *Ozanam Hall of Queens Nursing Home v State of New York*, 241 AD2d 670, 671 [1997]; *see also Psaty v Duryea*, 306 NY 413 [1954]). Thus, in determining the subject matter jurisdiction of the Court of Claims, the threshold question is "[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim" (*Matter of Gross v Perales*, 72 NY2d 231, 236 [1988]). Here, we are compelled to conclude that claimant's essential claim is equitable relief, namely, she is seeking annulment of an administrative agency's discretionary determination relative to the disbursement of grant money. To prevail in obtaining any portion of this money, claimant would need to demonstrate that the Department of Agriculture and Markets erroneously interpreted Farm Security and Rural Investment Act of 2002 § 10106 as disqualifying any onion farmer no longer in business.

---

* This requirement reflected an interpretation of the term "onion producer" to mean current onion farmer. In so defining this term, the purpose of the program would be achieved, i.e., to preserve the onion industry in Orange County. Distributing money to *former* onion farmers, albeit those who may have suffered losses during the designated time period, would not assist in the long-term preservation of the industry.

This is a quintessential example of a dispute governed under CPLR article 78 (*see* CPLR 7803 [3], [4]; *see also Safety Group No. 194—N.Y. State Sheet Metal Roofing & A.C. Contrs. Assn. v State of New York*, 298 AD2d 785 [2002]). That claimant may have obtained an award of money had she timely commenced a CPLR article 78 proceeding does not bring the instant claim within the jurisdiction of the Court of Claims, as any such money damages would have been incidental to the primary issue of whether the Department of Agriculture and Markets' determination was irrational and/or arbitrary and capricious such that it should be annulled (*see Safety Group No. 194—N.Y. State Sheet Metal Roofing & A.C. Contrs. Assn. v State of New York, supra; Sidoti v State of New York*, 115 AD2d 202 [1985]; *see also Psaty v Duryea, supra*). Moreover, any attempt to characterize the right to apply for reimbursement under this federal program as an implied contractual right is certainly not controlling (*see Sidoti v State of New York, supra* at 203) and, in any event, unavailing (*see Safety Group No. 194—N.Y. State Sheet Metal Roofing & A.C. Contrs. Assn. v State of New York, supra; Matter of Rye Psychiatric Hosp. Ctr. v State of New York*, 177 AD2d 834 [1991], *lv denied* 80 NY2d 751 [1992]; *compare Sarbro IX v State of N.Y. Off. of Gen. Servs.*, 229 AD2d 910 [1996]). Under the circumstances, the Court of Claims properly dismissed this claim.

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.