■ BENJAMIN MORGAN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 107118.) [787 NYS2d 356]—

In a claim to recover damages for breach of contract, the claimant appeals from an order of the Court of Claims (Lack, J.), dated December 8, 2003, which, inter alia, granted the defendant's motion to dismiss the claim.

Ordered that the order is affirmed, with costs.

Contrary to the claimant's contentions, the allegations in the claim, taken as true, are insufficient as a matter of law to establish that the Long Island State Veterans Home (hereinafter LISVH), an agency of the defendant State of New York, breached its agreement with the claimant when it decided to charge private pay residents more than the prevailing rate charged to Medicaid residents. Accordingly, the Court of Claims properly dismissed the claimant's sole claim predicated on breach of contract (*see Jorjill Holding v Grieco Assoc.*, 6 AD3d 500 [2004]).

Absent any viable claim to recover damages for breach of contract, the dispute was beyond the subject matter jurisdiction of the Court of Claims. The claimant's request, in effect, to annul LISVH's determination to raise the daily rate charged to residents of its nursing home, was, in essence, a claim for equitable relief that should have been brought by way of a CPLR article 78 proceeding before the Supreme Court (*see Madura v State of New York*, 12 AD3d 759 [2004]; *Safety Group No. 194-N.Y. State Sheet Metal Roofing & A.C. Contrs. Assn. v State of New York*, 298 AD2d 785 [2002]; *see also Matter of Gross v Perales*, 72 NY2d 231 [1988]; *Advanced Refractory Tech. v Power Auth. of State of N.Y.*, 171 AD2d 1031, 1031-1032 [1991]). Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.