■ HUGH G. MCGUINNESS, Appellant, v NEW YORK STATE WORKERS' COMPENSATION BOARD, Respondent. [836 NYS2d 425]—

In a claim, in effect, to review various determinations of the New York State Workers' Compensation Board and to compel the resumption of payment of workers' compensation benefits, the claimant appeals from an order of the Court of Claims (Schweitzer, J.), dated May 1, 2006, which granted the defendant's motion to dismiss the claim for lack of subject matter jurisdiction.

Ordered that the order is affirmed, with costs.

The Court of Claims properly granted the defendant's motion to dismiss the claim for lack of subject matter jurisdiction. The primary jurisdiction of the Court of Claims "is limited to actions seeking money damages against the State in appropriation, contract or tort cases" (*Ozanam Hall of Queens Nursing Home v State of New York*, 241 AD2d 670, 671 [1997]; *see* Court

of Claims Act § 9 [2]; *Safety Group No. 194—New York State Sheet Metal Roofing & A.C. Contrs. Assn. v State of New York,* 298 AD2d 785 [2002]), while the Supreme Court has jurisdiction over proceedings challenging an administrative agency's determination (*see Matter of Gross v Perales,* 72 NY2d 231, 235 [1988]; *Safety Group No. 194—New York State Sheet Metal Roofing & A.C. Contrs. Assn. v State of New York, supra*). Moreover, Court of Claims Act § 8 expressly provides that the State's waiver of immunity from liability does not affect any provision of the Workers' Compensation Law, and pursuant to Workers' Compensation Law § 23, review of an award or decision of the Workers' Compensation Board (hereinafter the Board) may be had by taking an appeal to the Appellate Division, Third Department (*see Baltsavias v State of New York,* 121 AD2d 421 [1986], *cert denied* 484 US 840 [1987]). Accordingly, the Court of Claims does not have subject matter jurisdiction over the instant claim, which, in effect, seeks review of prior determinations of the Board, and to compel the Board to direct an insurance company to resume payment of benefits to the claimant for a disability caused by an occupational disease. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.