Aliksanyan v State of New York (2020 NY Slip Op 01137)





Aliksanyan v State of New York


2020 NY Slip Op 01137


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-14793

[*1]Garo Aliksanyan, etc., appellant, 
v
State of New York, respondent. (Claim No. 129717)


Garo Aliksanyan, Flushing, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Matthew W. Grieco of counsel; Nathaniel W. Donahue on the brief), for respondent.



DECISION & ORDER
In a claim to compel the New York State Public Service Commission, in effect, to investigate and render a determination on a complaint about Verizon, the claimant appeals from an order of the Court of Claims (Jeanette Rodriguez-Morick, J.), dated August 14, 2018. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The claimant filed this claim against the New York State Public Service Commission (hereinafter PSC) for its alleged failure to "regulate []or punish" Verizon after the company discontinued the claimant's "Lifeline Service," a government assistance program through which qualifying customers obtain discounts on certain services. The Court of Claims sua sponte issued an order directing the claimant to show cause why the claim should not be dismissed for lack of service on the Attorney General. The defendant moved pursuant to CPLR 3211(a) to dismiss the claim on the ground that the court lacked subject matter jurisdiction. In an order dated August 14, 2018, the Court of Claims found that the claimant had timely served the claim on the Attorney General, but that the court lacked subject matter jurisdiction. The court, therefore, granted defendant's motion and dismissed the claim. The claimant appeals.
The Court of Claims is a court of limited jurisdiction determined by the Constitution and statute (see NY Const art VI, § 9; Court of Claims Act § 9). Its jurisdiction is generally limited to money damage awards against the State (see Court of Claims Act § 9[2]; Psaty v Duryea, 306 NY 413, 416; Sidoti v State of New York, 115 AD2d 202, 203). "Whether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim, is dependent upon the facts and issues presented in a particular case" (Matter of Gross v Perales, 72 NY2d 231, 236).
Here, while the claimant alleges certain monetary losses, the essential nature of his claim is one seeking to compel the PSC to investigate and issue a determination on his complaint that Verizon wrongfully discontinued his Lifeline Service, which he alleges the PSC is required to [*2]do. The money damages sought are merely incidental to the primary question of the PSC's investigation and regulation of Verizon with respect to the Lifeline Service program. We agree with the Court of Claims' determination that the claim is properly the subject of a CPLR article 78 proceeding brought in the Supreme Court, and the Court of Claims lacks jurisdiction over the matter (see CPLR 7803; Matter of Gross v Perales, 72 NY2d at 235-236; Buonanotte v New York State Off. of Alcoholism & Substance Abuse Servs., 60 AD3d 1142, 1144; City of New York v State of New York, 46 AD3d 1168, 1169; Matter of Silverman v Comptroller of State of N.Y., 40 AD2d 225, 226). In the absence of a motion seeking to transfer the claim to the appropriate forum (see CPLR 325[b]), we agree with the determination to grant the defendant's motion to dismiss the claim (see Sidoti v State of New York, 115 AD2d at 204).
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court