Hudson Neurosurgery, PLLC v State of New York (2023 NY Slip Op 51465(U))

[*1]

Hudson Neurosurgery, PLLC v State of New York

2023 NY Slip Op 51465(U)

Decided on December 1, 2023

Court Of Claims

Marnin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 1, 2023
Court of Claims

Hudson Neurosurgery, PLLC, and HAROON CHOUDHRI M.D., Claimants,

against
State of New York, Defendant.

Claim No. 138998

For Claimants:
LAW OFFICE OF RICHARD HOCHHAUSER, PLLC
By: Richard A. Hochhauser, Esq.
For Defendant:
HON. LETITIA JAMES, THE ATTORNEY GENERAL OF THE STATE OF NEW YORK
By: Akosua Goode, Assistant Attorney General

Seth M. Marnin, J.

Hudson Neurosurgery, PLLC and Haroon Choudhri, M.D., (collectively claimants) filed a claim [FN1]
against New York State Department Health Insurance Program (NYSHIP), New York State, and New York Civil Service (collectively defendant or the State) seeking $2,963,009, the amount billed by claimants, for surgical procedures performed on patient C.B. The patient was insured under the Empire Plan as an employee of Dutchess Community College, one of the benefit plan options offered to NYSHIP enrollees. NYSHIP, which is administered by the New York State Department of Civil Service, is a self-funded plan that contracts with UnitedHealthcare to administer the program including processing and paying or denying claims. Prior to performing surgery on the patient, Dr. Choudhri, a neurosurgeon, sought and received pre-authorization for a procedure to be performed on his patient. By letter dated October 24, [*2]2022, UnitedHealthcare granted authorization for the procedure stating "'we determined that the treatment is eligible for coverage'" (amended claim at 1, ¶ 2.) The Empire Plan also sent similar letters on October 28, 2022 and November 2, 2022. On or about November 14, 2022, the patient fractured a surgical screw, was transported by ambulance, and required emergency procedures which were performed on November 14, 16, and 17, 2022.
Claimants state that they sought pre-authorization from the Empire Plan for another surgery on November 28, 2022, received a letter from Empire authorizing the procedure, and on December 6, 2022, performed the procedure. Before conducting the procedures for which they had received prior authorization, claimants confirmed on the UnitedHealthcare's provider portal that the patient had insurance coverage. When claimants performed the procedures, they did so in reliance on the representations by defendant that the procedures had been pre-authorized by defendant.
On January 10, 2023, claimants received $123,513.28 from UnitedHealthcare, on behalf of NYSHIP, for the November 14, 2022 procedures. Three days later, on January 13, 2023, UnitedHealthcare sent another letter demanding that claimants refund the amount just paid and, for the first time, asserting that the patient did not have valid coverage on the dates of service.[FN2]
Defendant has refused to pay the balance for the services provided despite having represented to claimants, in writing, that claimant was authorized to perform the procedures and that the patient had valid coverage.
Whether sounding in negligence, contract, or breach of an implied covenant of good faith and fair dealing, the essence of the claim is that claimant sought out the required pre-authorizations for procedures, received authorizations to perform those procedures, confirmed patient's insurance coverage immediately prior to performing the procedures, and, in reliance on that information, performed the procedures. Claimants allege that they have been harmed by defendant's claw-back of the payment made and its refusal to pay claimants for the pre-authorized services.
In lieu of an answer, defendant has moved to dismiss the claim pursuant to CPLR 3212 [FN3]
and CPLR 3211 (a) (2) and (7) on the grounds that the Court lacks subject matter jurisdiction over it. Defendant interprets the claim as one that is "in essence, seeking review of a decision by an agency, NYSHIP, to deny coverage to the patient for services rendered by the claimants." (affirmation of counsel for the defendant at 4-5, ¶6.) Specifically, defendant argues that the claim fails to state a cause of action because: (1) the Court of Claims lacks subject matter jurisdiction over agency decisions; and (2) claimants are, in fact, seeking equitable relief which the Court of Claims is not authorized to provide. The only exhibit to the motion was the affidavit of Theresa Flanagan, Director, Employee Insurance Programs for NYSHIP, which explained the roles and relationships of the defendants, UnitedHealthcare, and the Empire Plan.
Claimants oppose the motion arguing that defendant has mischaracterized the claim, [*3]which indisputably seeks as its sole objective money damages against the State. Moreover, claimants argue, since the Court of Claims has exclusive jurisdiction over claims against New York State for money damages, it has subject matter jurisdiction. Claimants contend it is unnecessary for the Court to review the underlying decision denying insurance coverage in order to evaluate whether the defendant is liable for the alleged harm caused to claimants when claimants relied on the representations approving the procedures and affirming coverage before treating the patient. Claimants highlight that the claim omits any allegations challenging the underlying administrative determination to deny insurance coverage and they expressly seek money damages caused by defendant's repeated misrepresentations upon which they relied. Alternatively, claimants argue that the motion is premature.
In reply, defendant reiterates its arguments that the Court lacks subject matter jurisdiction over claims that seek review of agency determinations and where claimants are seeking equitable relief. (affirmation of counsel for defendant at 6, ¶ 14.)
Analysis
It is well settled that when reviewing a motion to dismiss pursuant to CPLR 3211 on the ground that the claim fails to state a cause of action, the pleading is to be afforded a liberal construction. (see CPLR 3026; see also Leon v Martinez, 84 NY2d 83, 87-88 [1994].) In deciding the motion, the Court must deem the allegations in the claim to be true and afford claimant "the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (Id; see Morone v Morone, 50 NY2d 481, 484 [1980]; Rovello v Orofino Realty Co., 40 NY2d 633, 634 [1976].) Therefore, the question before the Court is "whether the proponent of the pleading has a cause of action, not whether he has stated one." (Leon v Martinez, 84 NY2d at 88, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275, 401 [1977]; see also Dee v Rakower, 112 AD3d 204, 208 [2d Dept 2013].)
The central question here for the Court from the defendant's perspective is whether the claim is seeking to recover money or whether money is incidental to a primary claim for equitable relief. Put another way, must the Court review an administrative agency's determination in order to grant the money relief sought? New York courts have used a two-pronged test to answer this question. (see Buonanotte v NY State Off. of Alcoholism & Substance Abuse Servs., 60 AD3d 1142, 1143-1144 [3d Dept 2009].) The first question is "'[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim.'" (Madura v State of New York, 12 AD3d 759, 760 [3d Dept 2004], lv denied 4 NY3d 704 [2005], quoting Matter of Gross v Perales, 72 NY2d 231, 236 [1998].) "The second inquiry, regardless of how a claimant categorizes a claim, is whether the claim would require review of an administrative agency's determination, over which the Court of Claims has no subject matter jurisdiction to entertain." (Manhasset v New York State Department of Civil Services, in its capacity as administrator of the New York State Health Insurance Program, UID No. 2010-032-014 [Ct Cl, Hard, J, Apr. 2, 2010].)
Although the defendant correctly recites the law that the Court of Claims lacks subject matter jurisdiction when a claim seeks to challenge the propriety of an administrative decision, the Court disagrees with its application to this claim. Here, the sole objective of the claim is to be paid for the medical services the claimants provided when they reasonably relied on the letters from defendant authorizing claimants to provide those services. Accordingly, the claim survives [*4]the first prong.
As to the second inquiry, the claim is silent on and does not question the propriety of the administrative agency's decision to terminate patient's eligibility for insurance or coverage. The only reference to that decision concerns the allegation that defendant had a duty to convey accurate information about its insured to claimants (amended claim at 2). In its opposition, claimants argue that the Court need not examine and reverse the administrative actions of defendant (affirmation of claimants' counsel in opposition at 2, ¶ 2). The Court concurs with claimants that it need not review the underlying administrative determination to determine whether defendant is liable to the claimants for the damages they incurred when claimants reasonably relied on defendant's representations, regardless of whether the claim sounds in contract, negligent misrepresentation, or a breach of an implied covenant of good faith and fair dealing. The Court therefore disagrees with defendant's argument that the claim requires a review of the underlying administrative decision or demands or requires equitable relief. Defendant's analysis ignores the plain reading of the claim. On its face, the claim sufficiently asserts a claim for money damages as a result of defendant providing what apparently was inaccurate and/or outdated information and claimants reasonably relying on those representations. Since the claimants seek only money damages, the Court of Claims is the proper forum.
Accordingly, it is
ORDERED, that defendant's motion to dismiss (M-99801) claim no. 138998 is denied; and it is further
ORDERED, that defendant shall file and serve its answer within twenty (20) days from the filing date of this Decision and Order.
New York, New York
December 1, 2023
SETH M. MARNIN
Judge of the Court of Claims
In rendering this decision, the Court read and considered the following papers;
1. Notice of motion to dismiss filed on August 16, 2023;
2. Affirmation in support of defendant's motion to dismiss by Akosua Goode, AAG signed on August 16, 2023, along with exhibits A and B, which includes the affidavit of Theresa Flanagan, sworn to on August 15, 2023;
3. Affirmation in opposition by Richard Hochhauser, Esq. signed on September 7, 2023, with an exhibit;
4. Affirmation in reply by Akosua Goode, AAG signed on October 3, 2023; and
5. Amended verified claim filed on April 26, 2023.

Footnotes

Footnote 1:Claimants filed a claim on March 31, 2023. On April 26, 2023, claimants filed an amended claim with a single amendment. The original claim alleged "[t]his Claim was served and filed with 90 days of accrual, which was January 13, 2023." The amended claim alleged "[t]his Claim is served and filed within six months of accrual, which was on January 13, 2023." (Claim at 2 and amended claim at 2.)

Footnote 2:The parties provide no information about why the patient allegedly no longer had insurance coverage.

Footnote 3:CPLR 3212 permits a party to move for summary judgment after issue has been joined. Because defendants have not yet answered, it is not joined. Therefore, the Court is only considering defendant's motion to dismiss.