■ HENRY B. HESLOP, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [601 NYS2d 26] —Casey, J. Appeal from an order of the Court of Claims (Lyons, J.), entered February 14, 1992, which granted a motion by the New York State Teachers' Retirement System to dismiss the claim.

Claimant, a retired school superintendent, filed a claim for alleged breach of his employment contract based on his contention that the New York State Teachers' Retirement System incorrectly determined his pension. The Retirement System moved to dismiss the claim for lack of subject matter jurisdiction, failure to state a cause of action and expiration of the four-month Statute of Limitations. The Court of Claims held that Education Law § 509 (9) required dismissal of the claim for lack of subject matter jurisdiction in that court. The Court of Claims did not address the other two grounds urged by the Retirement System.

Education Law § 509 (9) provides: "No final determination made by the system with respect to benefits provided by the system, or matters related thereto, shall be subject to review in any court of the state of New York, *except as provided in article seventy-eight of the civil practice law and rules"* (em-

phasis supplied). We agree with the Court of Claims that Education Law § 509 (9) is clear and unambiguous and provides the exclusive remedy here. Its provisions preclude the Court of Claims from considering and deciding this claim because the appropriate forum for a CPLR article 78 proceeding is the Supreme Court, not the Court of Claims (CPLR 7804 [b]; *see,* Court of Claims Act § 9).

We have considered the authorities submitted by claimant in support of his contentions and find them to be inapplicable or distinguishable. Accordingly, we affirm the Court of Claims' dismissal of petitioner's claim for lack of subject matter jurisdiction. We decide no other issue.

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.