■ CITY OF NEW YORK et al., Appellants, v STATE OF NEW YORK, Respondents. [847 NYS2d 768]—

Mugglin, J. Appeals (1) from an order of the Court of Claims (Collins, J.), entered July 19, 2006, which, among other things, granted defendant's motion to dismiss the claim, and (2) from an order of said court, entered March 5, 2007, which, upon reargument, adhered to its prior decision, among other things, denying claimants' motion pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.

Disabled students residing in Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD) facilities attend school in the districts where the facilities are located (hereinafter host districts). Under the Education Law, host districts may seek reimbursement from the Department of Education for the expenses incurred in educating children placed in their districts (*see* Education Law §§ 3202, 3604). Claimants unsuccessfully sought reimbursement for expenses related to providing educational services to 156 such students for the 2000-2001, 2001-2002 and 2002-2003 school years. They filed this claim asserting four causes of action, namely, a statutory cause of action for damages under Education Law § 3202 (5) (b) and (d) (6); that defendant was negligent in failing to notify claimants that children had been placed in their schools as required by statute, thus preventing claimants from seeking

reimbursement; that a contract should be implied to reimburse claimants for expenses caused by the requirement to educate children placed in their districts; and that defendant would be unjustly enriched if it was not forced to pay for educational expenses of the children. By preanswer motion, defendant sought dismissal of the claims for lack of subject matter jurisdiction, for failure to timely serve a written notice of claim and for failure to verify the claim. The Court of Claims granted defendant's motion to dismiss and denied claimants' cross motion to file a late claim. Subsequently, claimants moved to renew and reargue and separately sought leave to file a late claim with an attached new verified claim. Although the Court of Claims granted reargument, it adhered to its prior decision dismissing the claim and again denied claimants' motion for leave to file a late claim. Claimants appeal and we affirm.

Two inquiries must be made to determine if the Court of Claims has subject matter jurisdiction. As that court has "no jurisdiction to grant strictly equitable relief" (*Psaty v Duryea*, 306 NY 413, 416 [1954]), but may grant incidental equitable relief so long as the primary claim seeks to recover money damages in appropriation, contract or tort cases (*see Ozanam Hall of Queens Nursing Home v State of New York*, 241 AD2d 670, 671 [1997]), "the threshold question is '[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim' " (*Madura v State of New York*, 12 AD3d 759, 760 [2004], *lv denied* 4 NY3d 704 [2005], quoting *Matter of Gross v Perales*, 72 NY2d 231, 236 [1988]). The second inquiry, regardless of how a claimant categorizes a claim, is whether the claim would require review of an administrative agency's determination—which the Court of Claims has no subject matter jurisdiction to entertain (*see Hoffman v State of New York*, 42 AD3d 641, 642 [2007]), as review of such determinations are properly brought only in Supreme Court in a CPLR article 78 proceeding (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]). While this claim is couched only in terms that seek recovery of monetary damages, the real challenge is to the Department's administrative determinations that these claims were not timely filed and that claimants' request for a waiver of the time limitations was also untimely. Thus, the statutory cause of action, the implied contract cause of action and the unjust enrichment cause of action were all properly dismissed by the Court of Claims for lack of subject matter jurisdiction as they are directly dependent upon the Department's determination that the claims are not timely (*see* Education Law § 3604 [5] [a]) and that the waiver request was also untimely (*see* Education Law § 3202 [5] [e]).

The sole remaining cause of action in the claim contends that defendant negligently failed to notify claimants that children had been placed in their schools as required by Education Law § 3202 (5). Although the Court of Claims has subject matter jurisdiction of claims involving alleged negligence by defendant in the performance of ministerial duties (*see Boland v State of New York*, 218 AD2d 235, 245 [1996]), there must be strict compliance with the requirements of timely service of a notice of claim and verified claim. These requirements, if not met and not waived (*see* Court of Claims Act § 11 [c]), constitute jurisdictional defects that deprive the Court of Claims of subject matter jurisdiction (*see Alston v State of New York*, 97 NY2d 159 [2001]). Here, the Court of Claims correctly found that claimants did not timely serve a notice of intention or claim and, thus, it lacked subject matter jurisdiction over this cause of action. Moreover, we find no abuse of discretion in the Court of Claims determination to deny claimants' leave to serve a late claim.

With respect to claimants' first application for leave to serve a late claim, the motion papers failed to include a copy of the proposed claim, did not make a factual showing that the proposed claim had merit and failed to address the statutory factors set forth in Court of Claims Act § 10 (6) (*see Matter of Donaldson v State of New York*, 167 AD2d 805, 806 [1990]; *Simpson v State of New York*, 96 AD2d 646, 646 [1983]). Likewise, the Court of Claims correctly denied claimants' second application for leave to file a late claim. Although defendant would not suffer any substantial prejudice as a result of a late claim since it had notice and an opportunity to investigate the facts thereof, claimants' delay in seeking to file a late claim was not excusable. Claimants admittedly were aware that they had not been provided any information regarding placement of OMRDD children in their schools. The lack of this information, however, did not preclude claimants making timely application for waiver of the time limitation in which to seek reimbursement of the expense involved in the educational services (*see* Education Law § 3202 [5] [e]). Also, claimants once again failed to make any factual demonstration of merit to the claim. Under these circumstances, we cannot say that the Court of Claims abused its discretion in denying claimants' second motion for leave to file a late claim with regard to the ministerial negligence cause of action.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.