FRANK BUONANOTTE et al., Appellants, v NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES et al., Respondents. [875 NYS2d 301]—

Malone Jr., J. Appeal from an order of the Court of Claims (Siegel, J.), entered June 17, 2008, which, among other things, granted defendants' cross motion to dismiss the claim.

Claimant Frank Buonanotte is the sole owner and shareholder

of the various claimant corporations and limited liability companies that are involved in the provision of substance abuse treatment services at outpatient facilities located throughout Long Island. These facilities are required to be operated pursuant to certificates issued by defendant Office of Alcoholism and Substance Abuse Services (hereinafter OASAS). In conjunction with their substance abuse services, claimants also make housing available to homeless individuals undergoing treatment at claimants' outpatient facilities through the provision of "sober homes." During site visits to claimants' facilities in 2005, OASAS determined that unlicensed chemical dependence services were being provided at sober homes in violation of Mental Hygiene Law § 32.05 (a) (1) and that many outpatient facilities were in violation of the terms of their operating certificates. As a result, OASAS issued a notice of intent to revoke claimants' operating certificates and, in January 2006, issued a cease and desist order revoking claimants' operating certificates, directing them to stop providing further chemical dependence services and imposing a substantial fine. Shortly thereafter, a final order of suspension was issued and claimants consented to a voluntary receivership under which OASAS was to manage claimants' facilities until court proceedings were finalized. Following a March 2006 hearing, a Hearing Officer, among other things, upheld the revocation of claimants' operating certificates.

In April 2006, claimants filed a notice of intention to file a claim and, in October 2007, commenced this action in the Court of Claims against a number of state defendants. Claimants alleged various constitutional violations as well as fraud stemming from the revocation of their operating certificates and the imposition of the receivership. Following joinder of issue, claimants moved for a change of venue and defendants crossmoved to dismiss the claim for lack of subject matter jurisdiction. The Court of Claims, among other things, granted defendants' cross motion and dismissed the claim. This appeal by claimants ensued.

Initially, the threshold question in determining the subject matter jurisdiction of the Court of Claims is " '[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim' " (*Madura v State of New York*, 12 AD3d 759, 760 [2004], *lv denied* 4 NY3d 704 [2005], quoting *Matter of Gross v Perales*, 72 NY2d 231, 236 [1988]; *see City of New York v State of New York*, 46 AD3d 1168, 1169 [2007], *lv denied* 10 NY3d 705 [2008]). "The second inquiry, regardless of how a claimant categorizes a claim, is whether the claim would require review of an administrative

agency's determination—which the Court of Claims has no subject matter jurisdiction to entertain" (*City of New York v State of New York*, 46 AD3d at 1169 [citation omitted]). Notably, an administrative agency's determination may be reviewed only in the context of a CPLR article 78 proceeding commenced in Supreme Court, and not in an action brought in the Court of Claims (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]; *City of New York v State of New York*, 46 AD3d at 1169).

In the case at hand, claimants assert four causes of action against defendants. The first three causes of action allege constitutional violations of equal protection, due process and unlawful taking. The fourth cause of action alleges fraud. Notwithstanding the manner in which claimants have characterized these claims, the gravamen of their dispute is in OASAS's revocation of the operating certificates for their facilities. Whether claimants are entitled to monetary relief as a result thereof is dependent on whether OASAS failed to follow the proper protocol or otherwise acted improperly in revoking the operating certificates. This, in turn, is an administrative determination that is properly the subject of a CPLR article 78 proceeding to be commenced in Supreme Court. Accordingly, the claim was properly dismissed for lack of subject matter jurisdiction. In view of this, we need not address claimants' remaining contention.

Mercure, J.P., Peters, Kane and Stein, JJ., concur. Ordered that the order is affirmed, without costs.