■ CHEVRON U.S.A. INC., Appellant, v STATE OF NEW YORK, Respondent. [926 NYS2d 923]—

Lahtinen, J.

The facts are set forth more fully in our decision in the companion appeal (*Matter of Chevron U.S.A. Inc. v Commissioner of Envtl. Conservation*, 86 AD3d 838 [2011] [decided herewith]). Briefly, from June 2003 to August 2007, claimant paid a total of $474,108.67 in major petroleum facility license (hereinafter MPFL) fees for its facility in the City of Troy, Rensselaer County (*see* Navigation Law § 174). Thereafter, claimant submitted amended reports requesting a refund of these fees from the Department of Environmental Conservation (hereinafter DEC), asserting that the fees had been mistakenly paid since the Troy facility had actually ceased operating in 1999. After discussions with DEC ostensibly failed to result in the return of any funds, claimant made this application for permission to file a late claim (*see* Court of Claims Act § 10 [6]). The Court of Claims denied the motion finding, among other things, that it did not have jurisdiction since Navigation Law § 174 (6) provided an administrative appeal process with an accompanying right to review via a CPLR article 78 proceeding. Claimant appeals.

We affirm. The Court of Claims is a court of limited jurisdiction and it does not have jurisdiction where an administrative procedure is available and the claim, in essence, "would require review of an administrative agency's determination" (*City of New York v State of New York*, 46 AD3d 1168, 1169 [2007], *lv denied* 10 NY3d 705 [2008]; *see Carver v State of New York*, 79 AD3d 1393, 1394 [2010]; *Buonanotte v New York State Off. of Alcoholism & Substance Abuse Servs.*, 60 AD3d 1142, 1143-1144 [2009], *lv denied* 12 NY3d 712 [2009]; *Guy v State of New York*, 18 AD3d 936, 937 [2005]). The MPFL fee is based upon barrels of petroleum product transferred to a licensee's facility, and a licensee—such as claimant—must certify monthly to DEC those amounts (*see* Navigation Law § 174 [4], [5]; 17 NYCRR 30.8; 30.9 [a], [b]). With regard to disputes about the accuracy of petroleum transfer amounts and accompanying fees, Navigation Law § 174 (6) provides: "If a certificate required by this section is not filed, or if a certificate when filed is incorrect or insufficient in the opinion of the commissioner, the amount of license

fee or surcharge due shall be determined by the commissioner from such information as may be available. Notice of such determination, and notice of licensee's right to appeal such determination, shall be given to the licensee liable for the payment of the license fee or surcharge. Such determination shall finally and irrevocably fix the fee or surcharge unless the person against whom it is assessed, within thirty days after receiving notice of such determination, shall apply to the commissioner for a hearing, or unless the commissioner on his [or her] own motion shall redetermine the same. After such hearing the commissioner shall give notice of his [or her] determination to the person to whom the license fee or surcharge is assessed." These procedures are further developed in the pertinent regulations (*see* 17 NYCRR 30.9 [f], [g]).

Claimant urges that the administrative process set forth in Navigation Law § 174 (6) applies only when there is an alleged underpayment and not, as here, where the licensee purportedly made overpayments. The Commissioner, however, is authorized to determine the appropriate fee when no certificate is filed, the amount reported is "insufficient" or the amount is "incorrect" (Navigation Law § 174 [6]; *see* 17 NYCRR 30.9 [f]). A contention that an overpayment has been made falls within the category of an "incorrect" amount. While the statute may not be as clear as some statutes that we have addressed (*see Heslop v New York State Teachers' Retirement Sys.*, 195 AD2d 851, 851-852 [1993]), we nevertheless agree with the Court of Claims that the statute sets forth an administrative procedure for contesting overpaid, as well as underpaid, fees. Review of the administrative determination is available in a CPLR article 78 proceeding. The Court of Claims correctly concluded that it lacked jurisdiction and, thus, it properly denied claimant's motion for permission to file a late claim (*see Matter of Miller v State of New York*, 283 AD2d 830, 831 [2001]).

The remaining arguments are academic.

Peters, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.