Kavanagh, J.
After submitting this application, claimant received a letter from the Retirement System dated March 23, 2010, which summarized her retirement benefits and established her monthly pension payment. Later, more then 30 days after the effective date of her retirement, claimant notified the Retirement System that she wanted to change her retirement selection to the Maximum option. After the Retirement System denied her request, claimant brought an application seeking permission to *1551 file a late notice of claim.[2] The Court of Claims denied her request because claimant, by her own admission, did not notify the Retirement System that she wanted to change her retirement option within 30 days of the effective date of her retirement. This appeal by claimant ensued.
We affirm. The Court of Claims is a court of limited jurisdiction that has no capacity “to grant strictly equitable relief!, although it] may grant incidental equitable relief so long as the primary claim seeks to recover money damages in appropriation, contract or tort cases” (City of New York v State of New York, 46 AD3d 1168, 1169 [2007], lv denied 10 NY3d 705 [2008] [internal quotation marks and citation omitted]). In that regard, it must first be determined if “the essential nature of the claim is to recover money” (Matter of Gross v Perales, 72 NY2d 231, 236 [1988]; see City of New York v State of New York, 46 AD3d at 1168). If the claim necessarily “require[s] review of an administrative agency’s determination,” the Court of Claims lacks subject matter jurisdiction (City of New York v State of New York, 46 AD3d at 1168; see Chevron U.S.A. Inc. v State of New York, 86 AD3d 820, 820 [2011]).
Here, while the relief that claimant seeks is couched in money damages, her application, in reality, requires the review of an administrative agency’s determination. In that regard, we note that the money damages that claimant seeks are calculated by using as a base figure what she would have received as her pension benefit had she selected the “Maximum” option. Since this claim in essence seeks to review and reverse an administrative determination made by the Retirement System, the Court of Claims lacks subject matter jurisdiction and claimant’s motion for leave to file a late notice of claim was properly denied (see Chevron U.S.A. Inc. v State of New York, 86 AD3d at 821; see e.g. Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d 1027 [2010]; Matter of Smith v New York State & Local Employees’ Retirement Sys., 167 AD2d 644 [1990]).[3]
In light of this conclusion, it is unnecessary to address claimant’s remaining contentions.
*1552 Peters, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

. Claimant also sued Laven in Supreme Court in Orange County, claiming that Laven was negligent in the representations that she made regarding claimant’s retirement options. This action was dismissed because it sought money damages from a state employee in connection with the performance of her duties and, as such, could only be commenced in the Court of Claims.

. If the relief that claimant seeks were granted, she would receive a windfall, because not only would she receive the monthly pension benefit under the Maximum option, but she still would have a lump sum available to her beneficiaries upon her demise.