*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                    518360
_____

HOPE FOR YOUTH, INC.,
    Individually and in its
    Capacity as a Member of
    Community Residence
    Insurance Savings Plan SI
    Trust,
                    Appellant,
        v                                MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  January 15, 2015

Before:  Lahtinen, J.P., Garry, Devine and Clark, JJ.

                    _____

        Wayne J. Schaefer, Smithtown, for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Paul
Groenwegen of counsel), for respondent.

                    _____

Lahtinen, J.P.

        Appeal from an order of the Court of Claims (Ferreira, J.),
entered April 1, 2013, which granted defendant's motion to
dismiss the claim.

        Claimant was a member of the Community Residence Insurance
Savings Plan (hereinafter CRISP), a workers' compensation self-
insured trust (see Workers' Compensation Law § 50 [3-a])
comprised primarily of nonprofit entities providing health and
social services.  In May 2010, the Workers' Compensation Board
informed CRISP that it was underfunded.  CRISP decided to stop

providing workers' compensation coverage for its members at the end of 2010, but it informed members that it would provide a run-off in which it continued to handle existing claims and meet Board requirements until all pending claims and assessments had been paid. The Board notified CRISP members in March 2011 of the need to maintain sufficient cash reserves or the Board would be required to take over administration of the trust with concomitant additional costs to members.

By June 2011, CRISP was more than $2 million short in assessment funds and the Board informed CRISP and its members that its assumption of administration of the trust was imminent. CRISP contends that, although a Board administrator indicated in mid-June 2011 that a one-month extension would likely be granted and CRISP raised more than the $2 million required by the Board by June 28, 2011, the Board nonetheless notified CRISP and its members on June 28, 2011 that it was assuming control as of August 1, 2011. The Board takeover of the trust cost claimant additional funds. Claimant brought this claim alleging, among other things, interference with property, conversion, interference with contract, and fraud and deceit. The Court of Claims granted defendant's motion to dismiss the claim upon the ground that it lacked subject matter jurisdiction. Claimant appeals.

We affirm. The limited jurisdiction of the Court of Claims does not include, among other things, a situation "where an administrative procedure is available and the claim, in essence, 'would require review of an administrative agency's determination'" (Chevron U.S.A. Inc. v State of New York, 86 AD3d 820, 820 [2011], quoting City of New York v State of New York, 46 AD3d 1168, 1169 [2007], lv denied 10 NY3d 705 [2008]; see Carver v State of New York, 79 AD3d 1393, 1394 [2010], lv denied 17 NY3d 707 [2011]). Generally, "an administrative agency's determination may be reviewed only in the context of a CPLR article 78 proceeding commenced in Supreme Court, and not in an action brought in the Court of Claims" (Buonanotte v New York State Off. of Alcoholism & Substance Abuse Servs., 60 AD3d 1142, 1144 [2009], lv denied 12 NY3d 712 [2009]; see Feuer v State of New York, 101 AD3d 1550, 1551 [2012]).

Here, the claim basically challenges the Board's action in assuming control of the trust.  The Board's decision as to when and how to act under the statute, including when to assume control of a self-insured trust, implicates discretionary determinations by the Board (see Workers' Compensation Law § 50 [5] [f], [g]; 12 NYCRR 317.20 [c]; see generally Matter of Aides At Home, Inc. v State of N.Y. Workers' Compensation Bd., 76 AD3d 727, 728 [2010]).  For claimant to succeed in its claim, it would have to convince the Court of Claims that the Board's action — in essence if not in actuality — should be annulled (see Guy v State of New York, 18 AD3d 936, 937 [2005]), and this is the type of analysis undertaken in a CPLR article 78 proceeding (see Matter of Aides At Home, Inc. v State of N.Y. Workers' Compensation Bd., 76 AD3d at 727).  Such a result is inescapable regardless of how claimant characterized the claim and, accordingly, we agree with the Court of Claims that it lacked subject matter jurisdiction (see Buonanotte v New York State Off. of Alcoholism & Substance Abuse Servs., 60 AD3d at 1144; Guy v State of New York, 18 AD3d at 937).

Garry, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court