*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    519379
_____

ROBERT DAVIS,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  April 30, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Rose, JJ.

                    _____

        Robert Davis, Auburn, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

                    _____

Lahtinen, J.P.

        Appeal from an order of the Court of Claims (Milano, J.),
entered June 6, 2014, which granted defendant's motion to dismiss
the claim.

        Claimant commenced this action alleging, among other
things, that the Board of Parole failed to personally interview
him as required by Executive Law § 259-i (2) (a) (i) before
making its 2013 decision denying him parole.  Defendant moved to
dismiss the claim asserting, among other grounds, that the Court
of Claims lacked subject matter jurisdiction.  The Court of
Claims agreed and granted defendant's motion.  Claimant appeals.

        We affirm.  "Regardless of how a claim is characterized,
one that requires, as a threshold matter, the review of an
administrative agency's determination falls outside the subject

matter jurisdiction of the Court of Claims" (Green v State of New York, 90 AD3d 1577, 1578 [2011], lv dismissed and denied 18 NY3d 901 [2012]; see Hope for Youth, Inc. v State of New York, 125 AD3d 1211, 1212 [2015]; City of New York v State of New York, 46 AD3d 1168, 1169 [2007], lv denied 10 NY3d 705 [2008]).  Although claimant framed his claim as one for money damages, he is, in essence, seeking judicial review of the Board's alleged failure to follow proper procedures when denying him parole.  Such challenge involves agency action that is reviewable in Supreme Court via a CPLR article 78 proceeding (see e.g. Matter of Leung v Evans, 120 AD3d 1478, 1479 [2014], lv denied 24 NY3d 914 [2015]; Matter of Rivera v New York State Div. of Parole, 119 AD3d 1107, 1108 [2014]), and, accordingly, the Court of Claims properly determined that it lacked subject matter jurisdiction (see e.g. Feuer v State of New York, 101 AD3d 1550, 1551 [2012]; Chevron U.S.A. Inc. v State of New York, 86 AD3d 820, 820 [2011]; Buonanotte v New York State Off. of Alcoholism & Substance Abuse Servs., 60 AD3d 1142, 1144 [2009], lv denied 12 NY3d 712 [2009]).

Claimant's remaining contentions have been considered and are unpersuasive.

Garry, Egan Jr. and Rose, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court