*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                    520580
_____

In the Matter of DANIEL
    MARTUSCELLO JR., as
    Superintendent of Coxsackie
    Correctional Facility,
                    Respondent,              MEMORANDUM AND ORDER
        v

JUA TT.,
                    Appellant.
_____


Calendar Date:  November 14, 2016

Before:  McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

                     _____


        Jua TT., Coxsackie, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

                     _____


Mulvey, J.

        Appeal from an order of the Supreme Court (Tailleur, J.),
entered January 29, 2015 in Greene County, which, among other
things, granted petitioner's application, in a proceeding
pursuant to CPLR article 4, to authorize the involuntary medical
treatment and feeding of respondent.

        Respondent is a prison inmate serving a sentence of 25
years to life in the custody of the Department of Corrections and
Community Supervision (hereinafter DOCCS).  In May 2013,
respondent first began a hunger strike, and, in June 2013,
Supreme Court granted petitioner's application permitting DOCCS
to force feed respondent, when necessary, by medical means such

as a nasogastric tube.  The order was in effect for one year.
During that period, respondent had to be frequently force fed.
In June 2014, petitioner commenced this proceeding seeking, among
other things, authorization to force feed respondent throughout
his incarceration.  Respondent answered and moved for summary
judgment.  In his answer, respondent, among other things,
objected to a force-feeding order, arguing that it would violate
his constitutional rights to refuse medical treatment and to
privacy, liberty and free speech and that petitioner failed to
show any sufficient state interest that is compelling enough to
overcome his constitutional rights.  Respondent's answer and
motion also raised various other claims against DOCCS, including
those concerning respondent's inmate classification and his
placement in the facility's infirmary.  Following a hearing,
Supreme Court denied respondent's motion determining that his
other claims against DOCCS were not properly before it and that
it lacked jurisdiction to grant the monetary relief sought by
respondent.  The court then granted the petition authorizing
DOCCS to force feed respondent throughout his incarceration.
Respondent now appeals.

We affirm.  When an inmate commences a hunger strike,
which, if continued, would create a substantial risk of imminent
death or serious permanent injury, a force-feeding order is
warranted if the state's intervention, even if contrary to the
inmate's constitutional rights, is reasonably related to its
legitimate penological interests, including those in preserving
the inmate's life and maintaining safety and discipline within
the facility (see Matter of Bezio v Dorsey, 21 NY3d 93, 99, 101-
107 [2013]).  The record shows that respondent had repeatedly
engaged in hunger strikes since May 2013 with the stated purpose
of obtaining a transfer to a maximum A security facility, and
that respondent had stated that he would continue his hunger
strike until he died or was transferred.  The unrefuted testimony
of the facility's medical director showed that respondent's
hunger strike, if continued, would result in his death or
irreversible organ damage and that respondent was aware of such
risks.  He further testified that it might be necessary to force
feed respondent throughout his incarceration to prevent his death
and serious injuries.  The record supports a finding that
respondent intended to pursue his hunger strike until he was

transferred to another facility based on a reclassification of his status or until he died from malnutrition. We look no further than the holding in Matter of Bezio v Dorsey (supra) to reach the conclusion that the state's interest in preserving respondent's life outweighs any claimed infringement of respondent's constitutional rights. On the record before us, Supreme Court properly issued a force-feeding order for the duration of respondent's incarceration.

Supreme Court also properly denied respondent's motion for summary judgment, finding that his other claims regarding DOCCS's alleged infringement of his rights were inapposite to the instant proceeding, namely, whether DOCCS should be permitted to force feed respondent.[1] Finally, we note that any claims for monetary damages as a result of DOCCS's alleged infringement of respondent's various rights, and for his pain and suffering during the force feeding, may only be brought in the Court of Claims (see Matter of Jones v Fischer, 110 AD3d 1295, 1297 [2013], appeal dismissed 23 NY3d 955 [2014]; Feuer v State of New York, 101 AD3d 1550, 1551 n 2 [2012]).

McCarthy, J.P., Garry, Rose and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] We note that respondent pursued a series of grievance complaints filed against DOCCS and certain prison officers and had appealed unfavorable administrative decisions.