Family & Educ. Consultants, LLC v New York State Ins. Fund (2019 NY Slip Op 01273)





Family & Educ. Consultants, LLC v New York State Ins. Fund


2019 NY Slip Op 01273


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526225

[*1]FAMILY & EDUCATIONAL CONSULTANTS, LLC, Doing Business as PARTNERSHIP FOR EDUCATION, Respondent,
v
NEW YORK STATE INSURANCE FUND, Appellant.

Calendar Date: January 8, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for appellant.
Young Sommer LLC, Albany (Joseph F. Castiglione of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.P.
Appeal from an order of the Court of Claims (DeBow, J.), entered March 20, 2017, which granted claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.
Claimant provides therapeutic services for children with disabilities and their families. Claimant has an office staff of up to five employees and utilizes the services of therapists, who provide client services outside the office. Since 2000, claimant has procured workers' compensation insurance coverage through defendant (see Workers' Compensation Law § 10). Upon auditing claimant's records, defendant calculated the premiums due by including the therapists as employees. Although claimant initially disagreed with the determination, contending the therapists were independent contractors, claimant paid the premiums due.
In July 2016, claimant sought leave to file a late notice of claim, seeking to recover $250,000 in premiums paid since 2010 under a breach of contract theory. The Court of Claims granted the motion, prompting this appeal by defendant.
We reverse. At issue is whether the Court of Claims has subject matter jurisdiction over the action. While claimant seeks significant financial relief, the core of its claim challenges defendant's determination to classify the therapists as employees for purposes of calculating the premium due under the workers' compensation policy. This is a threshold agency determination that the Court of Claims lacks subject matter jurisdiction to address (see Matter of Gross v Perales, 72 NY2d 231, 235-236 [1988]; Hope for Youth, Inc. v State of New York, 125 AD3d 1211, 1212 [2015]; Chevron U.S.A. Inc. v State of New York, 86 AD3d 820 [2011]; Carver v State of New York, 79 AD3d 1393, 1394-1395 [2010], lv denied 17 NY3d 707 [2011]; Safety Group No. 194 New York State Sheet Metal Roofing & A.C. Contrs. Assn. v State of New York, 298 AD2d 785, 786 [2002]). We are not persuaded by the cases cited by the court for its determination that the action could properly be brought in the Court of Claims (compare Commissioners of the State Ins. Fund v Trio Asbestos Removal Corp., 9 AD3d 343, 345 [2004]; Dennis Fink Trucking v State of New York, 264 AD2d 582, 582 [1999]; Matter of Di Pietro v State Ins. Fund, 206 AD2d 211, 214 [1994]). Such agency determinations are subject to review in the context of a CPLR article 78 proceeding commenced in Supreme Court, where a successful petitioner would be entitled to recover an overpayment as incidental relief (see CPLR 7806; Matter of New York Tel. Co. v Nassau County, 267 AD2d 629, 633 [1999], lv denied 95 NY2d 756 [2000]). As such, claimant's application should have been denied.
Mulvey, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and application denied.