Commissiong v State of N.Y. Div. Hous. Community Renewal (2021 NY Slip Op 05075)





Commissiong v State of N.Y. Div. Hous. Community Renewal


2021 NY Slip Op 05075


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Court of Claims M-95067 Appeal No. 14234 Case No. 2020-04923 

[*1]Carol Commissiong, Claimant-Appellant,
v
State of New York Division Housing Community Renewal, Defendant-Respondent.


Carol Commissiong, appellant pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.



Order of the Court of Claims of the State of New York (Richard E. Sise, J.), entered May 12, 2020, which denied claimant's motions for leave to file a late claim and to proceed as a poor person, unanimously affirmed, without costs.
The Court of Claims providently exercised its discretion in declining to grant claimant leave to file a late claim and proceed as a poor person. The record does not provide "reasonable cause to believe that a valid cause of action exists" (Ndemenoh v City Univ. of N.Y. [CUNY]-City Coll., 180 AD3d 576, 576 [1st Dept 2020] [internal quotation and citation omitted]).
Although claimant contends that her proposed claims seek to recover damages for injuries arising out of defendant's negligence and breach of contract, adjudication of those claims requires review of defendant's underlying administrative determination. Accordingly, the Court of Claims properly concluded that it lacked subject matter jurisdiction (see Matter of Helgason v New York State Div. of Hous. & Community Renewal, 66 AD3d 490 [1st Dept 2009], appeal dismissed and lv denied 14 NY3d 764 [2010]; Davis v State of New York, 129 AD3d 1353, 1354 [3d Dept 2015], appeal dismissed 26 NY3d 949 [2015]).
We decline to consider the proposed claim for breach of fiduciary duty because it is raised for the first time on appeal (see DiCoby v Syracuse Univ., 191 AD3d 425, 427 [1st Dept 2021], lv denied 37 NY3d 903 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021