Thomas v State of New York (2022 NY Slip Op 03779)

Thomas v State of New York

2022 NY Slip Op 03779

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

532836
[*1]Christopher Thomas, Appellant,
v
State of New York, Respondent.

Calendar Date:April 21, 2022

Before:Lynch, J.P., Clark, Pritzker, Colangelo and McShan, JJ.

Justin C. Bonus, Forest Hills, for appellant.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.

Clark, J.
Appeal from an order of the Court of Claims (Hard, J.), entered January 20, 2021, which, among other things, denied claimant's motion to treat the notice of intention to file as a claim.
In January 2018, claimant was conditionally released from the custody of the Department of Corrections and Community Supervision. About two months later, claimant served defendant with a notice of intention to file a claim, alleging, among other things, that he was confined in prison three months longer than he otherwise would have been had his good time been calculated correctly. Claimant filed his claim roughly nine months later, in December 2018, and subsequently served the claim upon defendant by regular mail — in violation of the statutory requirement that service be made by personal service or certified mail (see Court of Claims Act § 11 [a] [i]). Defendant joined issue, asserting various affirmative defenses, and thereafter moved to dismiss the claim for improper service. In opposition to the motion, claimant admitted that the claim was improperly served and requested that his notice of intention to file a claim be treated as a claim (see Court of Claims Act § 10 [8] [a]). By order entered in May 2020, the Court of Claims dismissed the claim and denied claimant's request to treat the notice of intention as the claim because such request was not made by way of a formal motion, as required (see Court of Claims Act § 10 [8] [a]). Claimant thereafter moved, by separate motions, to vacate the dismissal of his claim or for permission to treat his notice of intention as a claim. The Court of Claims denied the motions, prompting this appeal.
Claimant challenges the denial of his motion to treat the notice of intention as a claim.[FN1] Claimant asserts that the Commissioner of Corrections and Community Supervision improperly calculated his good time allowance and that, as a result of such determination, he was wrongfully confined for a period of three months. We agree with the Court of Claims that resolution of this claim would require review of an administrative agency's determination and that the Court of Claims lacks the jurisdiction to conduct such a review (see Davis v State of New York, 129 AD3d 1353, 1353-1354 [2015], appeal dismissed 26 NY3d 949 [2015]; Chevron U.S.A. Inc. v State of New York, 86 AD3d 820, 820 [2011]; City of New York v State of New York, 46 AD3d 1168, 1169 [2007], lv denied 10 NY3d 705 [2008]). Accordingly, the Court of Claims properly concluded that it lacks subject matter jurisdiction over the claim (see Davis v State of New York, 129 AD3d at 1353-1354; Chevron U.S.A. Inc. v State of New York, 86 AD3d at 821; City of New York v State of New York, 46 AD3d at 1169).
Moreover, the Court of Claims is precluded from granting a motion to treat the notice of intention as a claim where, as here, the notice of intention does not contain facts sufficient to constitute a claim (see Court of Claim Act § 10 [8] [a]). In the notice of intention[*2], claimant asserts that he should have been conditionally released from prison in October 2017, rather than January 2018, because he never received a misbehavior report recommending a loss of good time. However, the governing statute and regulations do not condition the loss of good time on the presence of a misbehavior report recommending a loss of good time. Rather, the relevant statute and regulations direct the time allowance committee to "consider the entire file" of the incarcerated individual (7 NYCRR 261.3 [b]) and "appraise [his or her] entire institutional experience" (7 NYCRR 261.3 [c]) in determining whether good time shall be withheld for "bad behavior, violation of institutional rules or failure to perform properly in the duties or program assigned" (Correction Law § 803 [1] [a]; see 7 NYCRR 260.3 [b]). Claimant's further assertion — that he should have appeared before the correctional facility's time allowance committee several months earlier than he did — does not support a valid claim. Although the incarcerated individual's "file" must "be considered in the fourth month preceding the month of the [incarcerated individual's] earliest possible [release] date" (7 NYCRR 261.3 [a] [emphasis added]), the governing statute and regulations do not dictate the time of an incarcerated individual's appearance before the committee (see 7 NYCRR 261.3 [b]) and the facts alleged in the notice of intention do not establish that the timing of claimant's appearance before the committee ultimately impacted his conditional release date.
Given all of the foregoing, we discern no abuse of discretion in the Court of Claims' determination to deny claimant's motion to treat the notice of intention as a claim (see Hodge v State of New York, 213 AD2d 766, 768 [1995]). As such, we affirm.
Lynch, J.P., Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: To the extent that claimant's brief can be read to also challenge the denial of his motion to vacate the May 2020 order dismissing his claim, we find that the denial of such motion was proper (see Fulton v State of New York, 35 AD3d 977, 978 [2006], lv denied 8 NY3d 809 [2007]).