Graham v State of New York (2023 NY Slip Op 00133)

Graham v State of New York

2023 NY Slip Op 00133

Decided on January 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023

533819
[*1]Aixa Graham, Appellant,
v
State of New York, Respondent.

Calendar Date:November 14, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Aixa Graham, Berrien Springs, Michigan, appellant pro se.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Aarons, J.
Appeal from an order of the Court of Claims (Catherine C. Schaewe, J.) entered June 30, 2021, which denied claimant's motion to vacate a prior order.
Claimant filed an amended claim stemming from various issues related to a driveway permit issued to her by the Department of Transportation (hereinafter DOT). Following joinder of issue, claimant moved to dismiss certain affirmative defenses in defendant's answer. In a May 2021 order, the Court of Claims, as relevant here, sua sponte dismissed the amended claim on the basis that the court lacked subject matter jurisdiction. Claimant thereafter moved to vacate the May 2021 order. The court denied claimant's motion. Claimant appeals.
Having reviewed the allegations in the amended claim, claimant essentially challenges the actions and/or determinations made by an administrative agency. In this regard, claimant raises grievances relative to the application to DOT for a permit to construct a residential driveway and the requirements imposed by DOT and other administrative agencies. These grievances must be brought in a CPLR article 78 proceeding in Supreme Court and, therefore, the Court of Claims does not have subject matter jurisdiction to resolve them (see Nasca v New York State Dept. of Taxation & Fin., 205 AD3d 1169, 1170 [3d Dept 2022], lv denied 39 NY3d 905 [2022]; Davis v State of New York, 129 AD3d 1353, 1354 [3d Dept 2015], appeal dismissed 26 NY3d 949 [2015]; Hope for Youth, Inc. v State of New York, 125 AD3d 1211, 1212-1213 [3d Dept 2015]). To the extent that claimant challenges the constitutionality of certain regulations or laws (see Shelton v New York State Liq. Auth., 61 AD3d 1145, 1150-1151 [3d Dept 2009]), seeks strictly equitable relief (see Madura v State of New York, 12 AD3d 759, 760 [3d Dept 2004], lv denied 4 NY3d 704 [2005]) or demands that an agency take particular action (see Berrian v State of New York, 45 AD3d 995, 996 [3d Dept 2007]), the Court of Claims likewise lacks jurisdiction over those claims. Although claimant maintains that there was no final determination by an agency, such fact neither alters the essence of claimant's claims nor creates subject matter jurisdiction for the Court of Claims.
That said, because the Court of Claims correctly determined in its May 2021 order that it lacked subject matter jurisdiction over claimant's amended claim (see Hoffman v State of New York, 42 AD3d 641, 642 [3d Dept 2007]), it also correctly denied claimant's motion to vacate. To the extent that claimant's motion could be construed as seeking relief under CPLR 2221, such relief was not warranted. Claimant's remaining contentions have been examined and are without merit.
Garry, P.J., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.