Todd v State of New York (2023 NY Slip Op 23428)

[*1]

Todd v State of New York

2023 NY Slip Op 23428

Decided on October 18, 2023

Court Of Claims

Chaudhry, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 18, 2023
Court of Claims

Keith Todd, Claimant,

against
The State of New York, Defendant.

Claim No.136700

For Claimant:
Keith Todd, Pro Se 
For Defendant:
LETITIA JAMES, New York State Attorney General
By: Michael T. Krenrich, Assistant Attorney General

Zainab A. Chaudhry, J.

In this wrongful confinement action, claimant Keith Todd, a convicted sex offender and formerly incarcerated individual, seeks damages for a 13-month period of time during which he was placed in a Residential Treatment Facility (RTF)[FN1]
 at Fishkill Correctional Facility after the expiration of the incarcerative portion of his sentence. Defendant moves to dismiss the claim pursuant to CPLR 3211 (a) (7), arguing that the alleged period of confinement in the RTF was privileged as a matter of law and, thus, the claim fails to state a valid cause of action for wrongful confinement. Specifically, defendant contends that claimant was lawfully placed in an [*2]RTF during the first year of the post-release supervision (PRS) portion of his sentence because he was unable during that period to secure housing compliant with the mandatory school grounds condition applicable to certain sex offenders under the Sexual Assault Reform Act (SARA) (see Executive Law § 259-c [14]). Claimant opposes the motion. For the reasons stated below, the motion is granted.
As a threshold matter, although defendant does not raise the issue, to the extent the claim requires review of DOCCS' administrative determination to place claimant in an RTF given his lack of approved SARA-compliant housing, the Court lacks subject matter jurisdiction (see Buonanotte v New York State Off. of Alcoholism & Substance Abuse Servs., 60 AD3d 1142, 1143-1144 [3d Dept 2009], lv denied 12 NY3d 712 [2009]; City of New York v State of New York, 46 AD3d 1168, 1169 [3d Dept 2007], lv denied 10 NY3d 705 [2008]; see also Alejandro v State of New York, UID No. 2016-015-130 [Ct Cl, May 13, 2016] [Collins, J.]; Drayton v State of New York, UID No. 2021-058-029 [Ct Cl, July 14, 2021] [Leahy-Scott, J.]; Johns v State of New York, UID No. 2017-040-083 [Ct Cl, July 7, 2017] [McCarthy, J.]; Tuitt v State of New York, UID No. 2017-041-070 [Ct Cl, October 16, 2017] [Milano, J.]). The appropriate mechanism for claimant to have challenged his RTF placement is a proceeding pursuant to CPLR article 70 or article 78 in Supreme Court (see e.g. Gonzalez v Annucci, 32 NY3d 461 [2018]; People ex rel. Johnson v Superintendent, 36 NY3d 187 [2020], cert denied sub nom. Ortiz v Breslin, 142 S Ct 914 [2022]).
Turning to the merits of the motion, when considering a motion to dismiss under CPLR 3211, the Court must "'accept the facts as alleged in the [claim] as true, accord [claimant] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co. Inc., 37 NY3d 169, 175 [2021], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]). With respect to a motion pursuant to CPLR 3211 (a) (7) in particular, the Court's role is ordinarily limited to determining whether the claim states a cause of action (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). If a claimant "fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery," dismissal is warranted (Himmelstein, 37 NY3d at 175 [internal quotation marks omitted]). In addition, the Court may consider evidentiary material submitted by a defendant in support of a motion to dismiss under CPLR 3211 (a) (7) and, in that case, "the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one" (Guggenheimer, 43 NY2d at 275 [emphasis added]; see Cavosie v Hussain, 215 AD3d 1080, 1081 [3d Dept 2023]). Dismissal will be warranted where such submissions "'establish conclusively that [the nonmoving party] has no cause of action'" (Sokol v Leader, 74 AD3d 1180, 1182 [2d Dept 2010], quoting Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]).
In order to recover on a cause of action for wrongful confinement, claimant must show that (1) defendant intended to confine claimant; (2) claimant was conscious of the confinement; (3) claimant did not consent to the confinement; and (4) the confinement was not privileged (see De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]; Broughton v State of New York, 37 NY2d 451, 456 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]; see also Miller v State of New York, 124 AD3d 997, 998 [3d Dept 2015]). In its motion, defendant does not contest the sufficiency of the allegations in the claim supporting the first three elements of the cause of action. However, defendant's evidentiary submissions conclusively establish that [*3]claimant's placement in an RTF was privileged because it was authorized pursuant to the governing statutes, as explained below. Thus, the wrongful confinement cause of action asserted by claimant cannot survive this motion to dismiss.
Enacted as part of SARA, and as amended in 2005, Executive Law § 259-c (14) imposes a mandatory condition forbidding the entry upon "school grounds" of certain sex offenders on various forms of supervised release, including PRS (see Johnson, 36 NY3d at 200 & n 9; People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 36 NY3d 251, 262 [2020]). The provision has been interpreted as prohibiting offenders subject to the condition from residing within 1,000 feet of a school (see Johnson, 36 NY3d at 197, citing Penal Law § 220.00 [14] [b] and People v Diack, 24 NY3d 674, 682 [2015]). As an initial matter, claimant does not dispute that his sentence included a five-year period of PRS to follow the expiration of the incarcerative portion of his sentence on September 10, 2019 (see Krenrich Affirm, Exh C; Claim, attachments);[FN2]
 nor does he dispute that he was subject to the SARA mandatory school grounds condition based upon his qualifying offenses of criminal sexual act in the first degree (see Penal Law § 130.50 [3]) and course of sexual conduct against a child in the first degree (see id. § 130.75).[FN3]
 Indeed, the record before the Court also includes claimant's signed acknowledgment that he is subject to the mandatory school grounds condition upon release (see Krenrich Affirm, Exh E, at 4).
Certified records from DOCCS submitted in support of the motion establish that claimant was unable to identify SARA-compliant housing before reaching the maximum expiration date of the prison portion of his sentence, however (see Krenrich Affirm, Exh F). As defendant correctly argues, pursuant to Penal Law § 70.45 (3) and Correction Law § 73 (10), DOCCS is authorized to place an offender serving a period of PRS who is subject to the mandatory school grounds condition at an RTF until such time as housing compliant with the condition has been located and approved (see McCurdy, 36 NY3d at 260-262). Penal Law § 70.45 (3) provides that the New York State Board of Parole "may impose as a condition of [PRS] that[,] for a period not exceeding six months immediately following release from the underlying term of imprisonment[,] the person be transferred to and participate in the programs of [an RTF]." Correction Law § 73 (10) additionally provides that DOCCS is authorized "to use any [RTF] as a [*4]residence for persons who are on community supervision," including individuals serving a period of PRS (see Correction Law § 2 [31]). As the Court of Appeals has explained, Correction Law § 73 (10) "authorizes DOCCS to provide temporary housing in an RTF" to sex offenders subject to SARA's mandatory school grounds condition even after the six-month period specified in Penal Law § 70.45 (3) has expired (McCurdy, 36 NY3d at 254 [emphasis added]). In this context, the purpose of Correction Law § 73 (10) is "to provide an offender with temporary housing so that the offender can avoid violating a PRS term mandated by the legislature and having delinquency time imposed" (McCurdy, 36 NY3d at 262, citing Penal Law § 70.45 [1]). DOCCS' authority to place sex offenders who lack approved housing in an RTF on a temporary basis ends, however, when "the offender successfully identifies or otherwise obtains SARA-compliant community housing" (id. at 261 [internal quotation marks omitted]).
Certified records from DOCCS demonstrate that the Board of Parole initially exercised its authority under Penal Law § 70.45 (3) to place claimant at the Fishkill RTF (see 7 NYCRR 100.90 [c] [3]) upon reaching the maximum expiration date of the prison portion of his sentence, given his lack of approved housing (see Krenrich Affirm, Exh E, at 3; id. Exh F, at 13-14). The records further indicate that by February 26, 2020, claimant still had not yet obtained SARA-compliant housing and DOCCS thus invoked its independent authority under Correction Law § 73 (10) to continue claimant's residence at the Fishkill RTF until suitable housing was identified and approved (see Krenrich Affirm, Exh G). Claimant finally secured SARA-compliant housing on October 9, 2020, and was transported by DOCCS to that residence (see Krenrich Affirm, Exh F, at 1). The alleged period of confinement from September 10, 2019 to October 9, 2020 was thus privileged as a matter of law because claimant was lawfully housed at an RTF under the authority of Penal Law § 70.45 (3) and Correction Law § 73 (10) (see McCurdy, 36 NY3d at 260-262). Therefore—jurisdictional limitations aside—the evidentiary material submitted in support of the motion "establish[es] conclusively" that claimant cannot maintain a cause of action against the State for wrongful confinement (Sokol v Leader, 74 AD3d at 1182 [internal quotation marks omitted]; see also Pierre v State of New York, UID No. 2019-032-053 [Ct Cl, Sept. 24, 2019] [Hard, J.]; Tuitt v State of New York, supra).
Contrary to claimant's contention, as noted above, the Court of Appeals has expressly held that Penal Law § 70.45 (3) does not limit claimant's RTF placement to a period of six months, because Correction Law § 73 (10) constitutes independent authority to house offenders subject to the mandatory school grounds condition at an RTF until such time as they find SARA-compliant housing (see McCurdy, 36 NY3d at 260-262). And to the extent the claim and claimant's submission in opposition to the motion suggest that his residence at the Fishkill RTF constituted unlawful continued incarceration, the Third Department has recently rejected a similar argument (see Alcantara v Annucci, 203 AD3d 1483 [3d Dept 2022], lv granted 39 NY3d 906 [2023]; see also Gonzalez, 32 NY3d at 475 [rejecting similar argument regarding a sex offender's residence at the RTF at Woodbourne Correctional Facility]).
Finally, claimant's assertion of a protected liberty interest and reliance on Justice Sotomayor's statement respecting the denial of certiorari in Ortiz v Breslin (142 S Ct 914 [2022] [Statement of Sotomayor, J.]) is unavailing. The underlying New York Court of Appeals decision that the Supreme Court of the United States declined to review in Ortiz did not involve a claim for money damages against the State for wrongful confinement (see Johnson, 36 NY3d 187). In addition, to the extent claimant seeks to assert constitutional claims, it is well established that this Court has no subject matter jurisdiction over federal constitutional claims [*5]and no cognizable state constitutional claim exists where a claimant has an adequate alternative remedy (see Cumberland v State of New York, 217 AD3d 1029, 1031 [3d Dept 2023]). In any event—although this Court recognizes "the intractable problems presented by [individuals] convicted of sex offenses who must obtain SARA-compliant housing and must do so in a very limited market without financial resources," particularly in the New York City area (Gonzalez, 32 NY3d at 472)—the Court of Appeals has held that the placement of an individual on PRS at an RTF pending the identification and approval of SARA-compliant housing does not constitute a constitutional violation and this holding remains the controlling precedent on the issue (see Johnson, 36 NY3d at 203).
Accordingly, it is hereby
ORDERED that defendant's motion to dismiss (Motion No. M-99004) is GRANTED, and Claim No. 136700 is DISMISSED in its entirety.
October 18, 2023
Albany, New York
ZAINAB A. CHAUDHRY
Judge of the Court of Claims
Papers Considered:
1. Claim, filed July 30, 2021;
2. Answer, filed April 12, 2021;
3. Notice of Motion to Dismiss;
4. Affirmation of Assistant Attorney General Michael T. Krenrich in Support of Motion, with exhibits;
5. Claimant's Letter in Opposition to the Motion.

Footnotes

Footnote 1: A Residential Treatment Facility is "[a] correctional facility consisting of a community based residence in or near a community where employment, educational and training opportunities are readily available" for persons who are, or soon will be, eligible for supervised release (Correction Law § 2 [6]).

Footnote 2: Claimant's initial sentence and commitment order did not include a period of PRS (see Krenrich Affirm, Exh B). However, it appears claimant was lawfully resentenced to the originally imposed sentence with five years of PRS added, pursuant to Correction Law § 601-d (see People v Williams, 14 NY3d 198, 208 [2010] [describing history of PRS statute, related litigation, and reason for enactment of Correction Law § 601-d]).
Footnote 3: The mandatory school grounds condition applies where an offender is either serving a sentence for offenses enumerated in the statute—including offenses defined in Article 130 of the Penal Law—and the victim of the offense was younger than age 18, or the offender is serving a sentence for one of the enumerated offenses and was designated a level three sex offender (see Executive Law § 259-c [14]; People ex rel. Negron v Superintendent, Woodbourne Corr. Facility, 36 NY3d 32, 34 [2020]). Because claimant was convicted under Penal Law §§ 130.50 (3) and 130.75, his victim was necessarily younger than age 18. Claimant also has been designated a level three sex offender (see Krenrich Affirm, Exh F, at 15).