Piraino v State of New York (2024 NY Slip Op 05383)

Piraino v State of New York

2024 NY Slip Op 05383

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

CV-23-2134
[*1]Andrew Piraino, Appellant,
v
State of New York, Respondent.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Aaron Zimmerman, Syracuse, for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the Court of Claims (Zainab A. Chaudhry, J.), entered September 18, 2023, which granted defendant's motion to dismiss the claim.
On September 7, 2022, claimant walked into Kiefer's Cigar Store at 409 Tulip Street in the Village of Liverpool, Onondaga County and purchased a Triple Red 777 scratch-off lottery ticket for $10. He scratched off the ticket and discovered that he had hit the jackpot, entitling him to a prize of either $3,000,000 to be paid in annual installments of $150,000 for 20 years or a lump sum payment of $2,380,000. The following day, claimant began the process of claiming that prize by submitting the winning ticket and a claim form to the State Gaming Commission, which operates the Division of the Lottery (hereinafter the Division). Claimant submitted further paperwork at the Division's request on September 16, 2022, electing to receive the jackpot as a lump sum payment of $2,380,000 and authorizing the Division to electronically deposit that amount in his checking account.
A month went by without payment and, on October 19, 2022, counsel for claimant emailed officials at the Division and elsewhere to demand payment and threaten to sue if payment was not made by October 21, 2022. It was not, and claimant commenced this action on October 24, 2022. Claimant specifically alleged that his purchase of the Triple Red 777 ticket constituted a contract with defendant to "immediately pay the prize amounts shown" on a winning ticket, that defendant breached the contract by failing to do so and that he was entitled to damages in the amount of $2,380,000 plus prejudgment interest. Defendant moved to dismiss the claim on a variety of grounds, including that the Court of Claims lacked subject matter jurisdiction to hear the claim and that, in any event, the claim had been rendered moot when the Division paid claimant $2,380,000 on November 2, 2022. The Court of Claims granted the motion, and claimant appeals.
We affirm. The Court of Claims lacks jurisdiction to grant equitable relief and, to assess whether it has subject matter jurisdiction to hear a claim, "the threshold question
. . . is whether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim" (Buonanotte v New York State Off. of Alcoholism & Substance Abuse Servs., 60 AD3d 1142, 1143 [3d Dept 2009] [internal quotation marks, brackets and citations omitted], lv denied 12 NY3d 712 [2009]; see Nasca v New York State Dept. of Taxation & Fin., 205 AD3d 1169, 1169 [3d Dept 2022], lv denied 39 NY3d 905 [2022]). The question then turns to whether, regardless of how a claim is categorized by a claimant, "the claim would require review of an administrative agency's determination — which the Court of Claims has no subject matter jurisdiction to entertain, as review of such determinations are properly brought only in Supreme Court in a CPLR article 78 proceeding" (City of New York v State of New York, [*2]46 AD3d 1168, 1169 [3d Dept 2007] [internal citation omitted], lv denied 10 NY3d 705 [2008]; see Carver v State of New York, 79 AD3d 1393, 1394 [3d Dept 2010], lv denied 17 NY3d 707 [2011]; Buonanotte v New York State Off. of Alcoholism & Substance Abuse Servs., 60 AD3d at 1143-1144).
Here, although claimant styled his claim as one for breach of contract and sought money, it is apparent from the record that his actual goal was to compel the Division to approve his claim form and pay over the lottery winnings to which he was entitled. Indeed, claimant's counsel made clear in his October 19, 2022 email to Division officials and others that he viewed the delay in processing the claim form and making payment to be "an illegal ABUSE of [the Division's] obligations" that had been done "[w]ithout reason or justification" and that claimant would "seek[ ] a [w]rit of [m]andamus" if the Division did not act. A writ of mandamus is the CPLR article 78 claim that an agency had "failed to perform a duty enjoined upon it by law" and demanding a judgment directing performance — in this case, directing the Division to determine that claimant was entitled to the lottery winnings and to make prompt payment, with incidental damages in the form of interest (CPLR 7803 [1]; see CPLR 7806). A CPLR article 78 claim cannot be pursued in the Court of Claims and, because the Division's inaction was "subject to judicial review in a proceeding in the nature of mandamus to compel and because any monetary recovery would be incidental to the mandamus proceeding, dismissal of this claim for lack of subject matter jurisdiction was appropriate" (Berrian v State of New York, 45 AD3d 995, 996 [3d Dept 2007]; see Graham v State of New York, 212 AD3d 955, 956 [3d Dept 2023], appeal dismissed 39 NY3d 1117 [2023]; City of New York v State of New York, 46 AD3d at 1169; compare Balgobin v State of New York, 168 AD3d 1158, 1158-1159 [3d Dept 2019] [claim for damages due to actual rejection of allegedly grand prize winning lottery ticket], lv dismissed 33 NY3d 993 [2019]).
In view of the foregoing, the remaining contentions of claimant and the alternate grounds for affirmance advanced by defendant are academic.
Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.