■ In the Matter of SCOTT R. BELOTEN et al., Appellants, v WILLIAM J. DIAMOND et al., Respondents. [714 NYS2d 491] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered April 26, 2000, which, in a proceeding by petitioner emergency medical technicians and paramedics challenging their disqualification for the position of firefighter by respondent municipal agencies because of their age, granted respondents' motion to dismiss the proceeding, unanimously affirmed, without costs.

We affirm on the ground that the petition fails to state a cause of action. A notice of examination for "promotion to firefighter" advised petitioners that as employees of the Fire Department in emergency medical technician and paramedic titles, they were qualified to take the exam, provided, among other things, they had not passed their twenty-ninth birthday as of the beginning of the application period, as required by Civil Service Law § 54 and Administrative Code of the City of New York § 15-103, or "otherwise ineligible". Petitioners, who had all passed their twenty-ninth birthday, took and passed the written exam, but were then notified by respondents that they would not be allowed to take the physical part of the exam because they were too old. Petitioners challenge this disqualification, arguing that the upper age limit for firefighters contained in Administrative Code § 15-103 applies only to candidates for that position taking an open competitive exam, and that to apply the age limit to candidates taking a promotional exam, as petitioners did, would be to violate Civil Service Law § 54 and the anti-discrimination statutes.

Civil Service Law § 54 prohibits disqualification from participation in a civil service exam by reason of age unless the exam is an "open competitive" one, i.e., entry level, i.e., non-promotional, in which case the civil service authorities can adopt reasonable age requirements. Civil Service Law § 52 (1) requires that vacancies in promotional positions are to be filled, as far as practicable, by promotion of persons holding positions in lower grades that are in direct line of promotion, and, if impracticable, then the hiring authorities may draw from lower grades in related or collateral lines of promotion. Civil Service Law § 52 (8) requires, in effect, at least for present purposes, that a person being promoted from a related or collateral line must, in addition to passing the exam for the higher position, be "eligible for appointment to such higher position".

Taken together, Civil Service Law §§ 54 and 52 (1) and (8) imply that age requirements for purposes of taking a promotional exam are prohibited when the promotion would be from a grade that is in direct line, and permitted when the promotion would be from a grade that is in a related or collateral line.

The position of firefighter is an "entry level" position in that there is no direct lower position to be promoted from. Indeed, in the past, before the transfer of petitioners' positions from the Health and Hospitals Corporation to the Fire Department, the only way a person could become a firefighter was to sit for an open competitive examination. Petitioners acknowledge that this is the first time that the position of firefighter could be obtained through a "promotion". They also acknowledge that, as the notice of exam stated, the emergency medical technician and paramedic positions they hold are in a collateral, not direct, line of promotion to the position of firefighter. Clearly, petitioners' applications for the position of firefighter were more akin to an entry-level applicant taking an "open" exam for that position than to a firefighter taking a "closed", promotional exam for the position Lieutenant or a Lieutenant taking an exam for Captain.

Therefore, notwithstanding that the exam petitioners took was not open, in that participation was limited to current Fire Department employees having certain emergency medical titles, we conclude that Civil Service Law § 54 did not apply to prohibit an age requirement, and that Civil Service Law § 52 (8) did apply to require that petitioners satisfy the eligibility requirements for taking the entry-level exam for firefighter, including the requirement in Administrative Code § 15-103 that they not have passed their twenty-ninth birthday.

The viability of petitioners' causes of action under the City and State Human Rights Laws and 42 USC § 1983 is, by their own description thereof, dependent upon the success of their claim that they were not subject to the upper age requirement in Administrative Code § 15-103. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Rubin, JJ.