Kelly v State of New York (2022 NY Slip Op 03952)

Kelly v State of New York

2022 NY Slip Op 03952

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

529638
[*1]James F. Kelly, Appellant,
v
State of New York, Respondent.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

James F. Kelly, Hyde Park, appellant pro se.
Letitia James, Attorney General, Albany (Alexandria Twinem of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Court of Claims (McCarthy, J.), entered June 3, 2019, which granted defendant's motion to dismiss the claim.
Claimant, born in 1964, is a part-time police officer. In 2016, seeking to become a full-time officer, claimant applied to take the relevant open competitive civil service exam sponsored by Ulster County. In November 2016, claimant was informed that he was ineligible to sit for the examination, as he exceeded the age limitation imposed by Civil Service Law § 58. Claimant administratively appealed, and the decision was upheld on review by the County.
Claimant then commenced this action in the Court of Claims, setting forth a general disparate treatment claim and alleging specific violations of the following: the Fourteenth Amendment of the US Constitution; the federal Age Discrimination in Employment Act of 1967 (29 USC chapter 14 [hereinafter ADEA]); NY Constitution, article I, § 11 and article V, § 7; Human Rights Law §§ 291 and 296; and Civil Service Law § 54. Defendant moved pre-answer to dismiss the claim due to lack of subject matter jurisdiction and failure to state a cause of action, and the court granted dismissal. Claimant appeals.[FN1]
Claimant contends that, contrary to its conclusion, the Court of Claims had subject matter jurisdiction over his federal constitutional causes of action, under Court of Claims Act § 8 and 42 USC § 1983. We disagree. "[F]ederal constitutional claims may not be asserted in the Court of Claims, given that the statutory basis for such claims, 42 USC § 1983, authorizes claims only against a 'person' and defendant is not a person within the meaning of this statute" (Oppenheimer v State of New York, 152 AD3d 1006, 1008 [2017]; accord Moreland v State of New York, 200 AD3d 1362, 1365 [2021], lv denied 38 NY3d 906 [2022]; see Will v Michigan Dept. of State Police, 491 US 58, 64 [1989]). Thus, the Court of Claims correctly dismissed the claims alleging violations of the US Constitution for lack of subject matter jurisdiction.
Turning to the Court of Claims' dismissal of claimant's ADEA claim, claimant argues that defendant's enforcement of Civil Service Law § 58 violates the federal act. The ADEA protects workers over the age of 40 from discrimination in hiring due to the worker's age. Crucially, however, it contains an exception for law enforcement, which provides that states may lawfully refuse to hire, on the basis of age, "an individual as a . . . law enforcement officer . . . pursuant to a bona fide hiring or retirement plan that is not a subterfuge to evade the purposes of [29 USC chapter 14]" (29 USC § 623 [j] [2]). Pursuant to this exception, defendant "need not prove that age is a [bona fide occupational qualification] for its police officers" (Kopec v City of Elmhurst, 193 F3d 894, 902 [7th Cir 1999]; see Feldman v Nassau County, 434 F3d 177, 182 n 5 [2nd Cir 2006]). Civil Service Law § 58 (1) (a) states that "no person shall be eligible for provisional or [*2]permanent appointment in the competitive class of the civil service as a police officer . . . unless he or she shall satisfy" the requirement that "he or she is not less than [20] years of age as of the date of appointment nor more than [35] years of age as of the date when the applicant takes the written examination."
Claimant does not allege that defendant's age limitation hiring plan is a subterfuge to evade the purposes of the ADEA; rather, claimant contends that the exception does not apply here, where claimant worked as a part-time officer and attempted to transfer into full-time employment. However, courts have regularly interpreted alleged violations of the ADEA under similar circumstances, where a claimant seeks to reclassify from part-time to full-time employment, as failure to hire claims (see e.g. Kopec v City of Elmhurst, 193 F3d at 896, 904; Weiner v City College of City Univ. of New York, 1997 WL 381799, *1, *4, 1997 US Dist LEXIS 9705, *2, *13 [SD NY, July 9, 1997, No. 95 Civ 10892 (JFK)]).[FN2] The instant claim does not require a different analysis. As claimant's contentions constitute a failure to hire claim, they are unavailing; Civil Service Law § 58 (1) (a) falls squarely within the law enforcement exception of the ADEA (see Feldman v Nassau County, 434 F3d at 184; Petrelli v City of Mount Vernon, 9 F3d 250, 253 [2nd Cir 1993]; Ruderman v Police Dept. of City of New York, 857 F Supp 326, 329 [SD NY 1994]). The Court of Claims therefore properly dismissed claimant's ADEA claim for failure to state a cause of action.
Claimant contends that the age requirement of Civil Service Law § 58 also violates Civil Service Law § 54 and that the Court of Claims erred in dismissing this claim. However, Civil Service Law § 54 contains the caveat that "[n]othing herein contained . . . shall prevent the adoption of reasonable minimum or maximum age requirements for open competitive examinations for positions where it is determined by the department and approved by the commission that such age requirements would be reasonable minimum qualification for such position"; thus, Civil Service Law § 54 does not prohibit the enforcement of § 58 (see Matter of Beloten v Diamond, 276 AD2d 438, 439 [2000]; Timerman v Bence, 176 AD2d 1220, 1221 [1991]). Accordingly, this claim must also be dismissed for failure to state a cause of action.
Claimant's remaining contentions have been considered and are without merit.
Garry, P.J., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: To the extent that claimant appeals the dismissal of his claims pursuant to NY Constitution, article V, § 7 and Human Rights Law § 296, he has not advanced any arguments relevant thereto on appeal; thus, these claims are deemed abandoned (see Prendergast v Swiencicky, 183 AD3d 945, 946 n 1 [2020], lv denied 36 NY3d 944 [2020]; Matter of Micklas v Town of Halfmoon Planning Bd., 170 AD3d 1483, 1485 [2019]).

Footnote 2: Claimant's challenge to an earlier denial of the opportunity to sit for the same exam, brought in federal court, was denied under the same analysis (Kelly v County of Ulster, 2018 WL 5811423, *4, 2018 US Dist LEXIS 189724, *9-*10 [ND NY, Nov. 6, 2018, 1:18-CV-00240 (BKS/DJS)]). His contention that defendant is not an employer, but a labor organization, was also rejected in that case (id.). We too reject that contention.