Cumberland v State of New York (2023 NY Slip Op 02916)

Cumberland v State of New York

2023 NY Slip Op 02916

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

534835
[*1]Robert Cumberland, Appellant,
v
State of New York, Respondent.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Robert Cumberland, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Fisher, J.
Appeal from an order of the Court of Claims (Francis T. Collins, J.), entered January 10, 2022, which granted defendant's motion to dismiss the claim.
Claimant, an incarcerated individual in a state correctional facility, commenced this action seeking monetary damages alleging, among other things, that he was improperly removed from his prison work assignment in retaliation for filing inmate grievances and that his removal was racially discriminatory, unconstitutional and violated correctional rules. Defendant served an answer and then moved to dismiss on CPLR 3211 (a) grounds, including failure to state a cause of action and lack of subject matter jurisdiction, which claimant opposed. The Court of Claims granted defendant's motion and dismissed the claim. Claimant appeals.
We affirm. "Jurisdiction in the Court of Claims is fixed by the NY Constitution and by statute (NY Const, art VI, § 9; Court of Claims Act §§ 8, 9) and generally pertains to money damage awards against the State in either appropriation, contract or tort cases" (Sidoti v State of New York, 115 AD2d 202, 203 [3d Dept 1985] [citation omitted], citing Court of Claims Act § 9 [2], and Psaty v Duryea, 306 NY 413, 416 [1954]). To the extent that claimant seeks review of the denial of his several inmate grievances, the conditions of his confinement, wrongful confinement resulting from his termination from his job assignment and allegations of discriminatory treatment, including any related administrative determinations on such matters, these must be made in the context of a special proceeding in Supreme Court pursuant to CPLR article 78 (see Jones v State of New York, 171 AD3d 1362, 1364 [3d Dept 2019], appeal dismissed 33 NY3d 1056 [2019]; Matter of Barnes v State of New York, 164 AD3d 977, 978 [3d Dept 2018]; see also Correction Law § 139; 7 NYCRR part 701). Likewise, claimant's attempt to obtain judicial review of the alleged failure of prison officials to follow proper procedure and rules "involves agency action that is reviewable in Supreme Court via a CPLR article 78 proceeding" (Davis v State of New York, 129 AD3d 1353, 1354 [3d Dept 2015], appeal dismissed 26 NY3d 949 [2015]). Given that "review of an administrative agency's determination falls outside the subject matter jurisdiction of the Court of Claims" — and, however characterized, claimant's allegations would require review of such determinations concerning his grievances and his removal from the food handler certification program — the Court of Claims properly concluded that it lacked subject matter jurisdiction to entertain them (see Graham v State of New York, 212 AD3d 955, 956 [3d Dept 2023], appeal dismissed 39 NY3d 1117 [2023]; Thomas v State of New York, 206 AD3d 1184, 1185 [3d Dept 2022], lv denied 39 NY3d 904 [2022]; Nasca v New York State Dept. of Taxation & Fin., 205 AD3d 1169, 1170 [3d Dept 2022], lv denied 39 NY3d 905 [2022]; Pratow Corp. v State of New York, 148 AD3d 1065, 1066 [3d Dept 2017]; Hope for Youth[*2], Inc. v State of New York, 125 AD3d 1211, 1212-1213 [3d Dept 2015]; see also Matter of Gross v Perales, 72 NY2d 231, 235-236 [1988]).
Claimant also seeks monetary damages for constitutional torts. However, "while a private cause of action to recover monetary damages for state constitutional violations is permissible in certain limited situations, this narrow remedy does not apply where an adequate remedy is available to the claimant in an alternate forum. Here, claimant had numerous alternative legal remedies and forums in which to enforce his constitutional rights . . . , including a federal civil rights lawsuit in federal court" or inmate grievances and CPLR article 78 proceedings challenging any denial thereof (Jones v State of New York, 171 AD3d at 1363 [internal quotation marks, brackets and citations omitted]; see Martinez v City of Schenectady, 97 NY2d 78, 83-84 [2001]; Alsaifullah v State of New York, 166 AD3d 1426, 1426-1427 [3d Dept 2018]; cf. Brown v State of New York, 89 NY2d 172, 177-178 [1996]). To the extent that claimant may be relying on alleged violations of federal constitutional provisions, "federal constitutional claims may not be asserted [against defendant] in the Court of Claims, given that the statutory basis for such claims, 42 USC § 1983, authorizes claims only against a 'person' and defendant is not a person within the meaning of this statute" (Oppenheimer v State of New York, 152 AD3d 1006, 1008 [3d Dept 2017], citing Haywood v Drown, 556 US 729, 734 n 4 [2009]; see Brown v State of New York, 89 NY2d at 184-185; Kelly v State of New York, 206 AD3d 1309, 1310 [3d Dept 2022], appeal dismissed 39 NY3d 975 [2023]; Moreland v State of New York, 200 AD3d 1362, 1365 [3d Dept 2021], lv denied 38 NY3d 906 [2022]). As such, the court properly determined that claimant did not state a claim pursuant to the NY Constitution and that it lacked subject matter jurisdiction over the federal constitutional claim (see CPLR 3211 [a] [2], [7]). Accordingly, the claim was properly dismissed.
Garry, P.J., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.