Cappetta v State of New York (2025 NY Slip Op 04207)

Cappetta v State of New York

2025 NY Slip Op 04207

Decided on July 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 17, 2025

CV-24-0127
[*1]Thomas Cappetta, Appellant,
v
State of New York, Respondent, et al., Defendants.

Calendar Date:May 27, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Mackey, JJ.

Thomas Cappetta, Solvay, appellant pro se.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Appeal from an order of the Court of Claims (Zainab Chaudhry, J.), entered September 22, 2023, which granted a motion by defendant State of New York to dismiss the claim.
Claimant, proceeding pro se, filed a claim against multiple defendants — including several individually named persons, members of the judiciary, a private university, and county and state agencies and certain of their employees, among others — alleging civil, criminal and constitutional rights violations in relation to various Family Court orders from 2006 through 2021 concerning the custody of his children, child support payments and the termination of his parental rights, among other proceedings. In lieu of answering, defendant State of New York (hereinafter defendant) moved to dismiss the claim asserting a lack of subject matter jurisdiction and personal jurisdiction, improper service, judicial immunity and failure to state a cause of action. The Court of Claims agreed and dismissed the claim, and this appeal ensued.
The jurisdiction of the Court of Claims, fixed by the NY Constitution and by statute, is limited to claims "against the State itself, or actions naming State agencies or officials as defendants, where the action is, in reality, one against the State — i.e., where the State is the real party in interest" (Morell v Balasubramanian, 70 NY2d 297, 301 [1987]; see NY Const, art VI, § 9; Court of Claims Act §§ 8, 9; Cumberland v State of New York, 217 AD3d 1029, 1030 [3d Dept 2023]). As so limited, the court does not have jurisdiction to adjudicate claims against individual persons (see Morell v Balasubramanian, 70 NY2d at 300-301; Smith v State of New York, 72 AD2d 937, 938 [4th Dept 1979]), a county and its agencies or its employees (see Fisher v State of New York, 10 NY2d 60, 61-62 [1961]; Whitmore v State of New York, 55 AD2d 745, 746 [3d Dept 1976], lv denied 42 NY2d 810 [1977]; Fishbein v State of New York, 282 App Div 600, 602-603 [3d Dept 1953]), or private colleges (see generally State Univ. of N.Y. v Syracuse Univ., 285 App Div 59, 61-62 [3d Dept 1954]). Accordingly, the claim was properly dismissed for lack of subject matter jurisdiction as against the named individual persons, Le Moyne College, and various Oswego County agencies and District Attorney.
As to the remaining defendants, we likewise agree that the claim was improperly served and must, as a result, be dismissed. Pursuant to Court of Claims Act § 11 (a) (i), a notice of claim must be served upon the Attorney General either personally or by certified mail, return receipt requested (see Trimble v State of New York, 142 AD3d 1256, 1256 [3d Dept 2016], appeal dismissed & lv denied 28 NY3d 1181 [2017]). Here, although the mailing envelope used by claimant indicates the use of certified mail, nothing in the record reflects that a return receipt was requested and, thus, the manner of service did not strictly comply with the statutory requirements. As this "failure divests the court of subject matter jurisdiction[*2], . . . dismissal of the claim was required" (Miranda v State of New York, 113 AD3d 943, 943-944 [3d Dept 2014] [internal quotation marks and citations omitted]; see Court of Claims Act § 11 [a] [i]; Trimble v State of New York, 142 AD3d at 1256). Claimant's contention that the State received actual notice of the claim such that dismissal is unnecessary is without merit, as "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court," and the State timely raised this defect (Turley v State of New York, 279 AD2d 819, 819 [3d Dept 2001] [internal quotation marks and citation omitted], lv denied 96 NY2d 708 [2001]). Accordingly, we need not reach the alternative grounds for dismissal advanced by defendant.
We have considered claimant's remaining contentions and, to the extent not expressly addressed herein, have found them lacking in merit.
Egan Jr., J.P., Aarons, Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.