Nelson v State of New York
2026 NY Slip Op 02906
May 7, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Dominick Nelson, Appellant,
v
State of New York, Respondent.

Decided and Entered:May 7, 2026
CV-25-0193
Calendar Date: March 24, 2026
Before: Clark, J.P., Aarons, Ceresia, Mcshan And Corcoran, JJ.

Liakas Law, PC, New York City (Jillian Rosen of Pollack, Pollack, Isaac & DeCicco, LLP, New York City, of counsel), for appellant.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

[*1]
Corcoran, J.
Appeal from an order of the Court of Claims (Catherine Schaewe, J.), entered October 23, 2024, which granted defendant's motion to dismiss the claim.
Claimant, an incarcerated individual in a state correctional facility, commenced this claim against defendant for money damages alleging that employees of the Department of Corrections and Community Supervision (hereinafter DOCCS) subjected him to a constitutionally flawed tier III prison disciplinary proceeding in retaliation for his complaints about inadequate medical care. Before answering, defendant moved to dismiss the claim for lack of subject matter jurisdiction. By order entered October 23, 2024, the Court of Claims granted the motion to dismiss the claim, concluding that claimant failed to demonstrate that the disciplinary determination had been overturned by administrative appeal or through a judicial process. Thus, the court would have been required to review the state agency determination, a proceeding over which it lacks subject matter jurisdiction. Claimant appeals, and we affirm.
The Court of Claims is a court of limited jurisdiction (see NY Const, art VI, § 9; Court of Claims Act §§ 8, 9) and it lacks subject matter jurisdiction to review administrative determinations, even where a claimant seeks money damages and characterizes the causes of action as sounding in tort or constitutional violations; the essential nature of the claim, not the label affixed to it, controls (see Piraino v State of New York, 231 AD3d 1457, 1458 [3d Dept 2024]; Cumberland v State of New York, 217 AD3d 1029, 1030 [3d Dept 2023]). "The Court of Claims lacks jurisdiction to grant equitable relief and, to assess whether it has subject matter jurisdiction to hear a claim, the threshold question is whether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim" (Piraino v State of New York, 231 AD3d at 1457-1458 [internal quotation marks, ellipsis and citations omitted]). "The question then turns to whether, regardless of how a claim is categorized by a claimant, the claim would require review of an administrative agency's determination — which the Court of Claims has no subject matter jurisdiction to entertain, as review of such determinations are properly brought only in Supreme Court in a CPLR article 78 proceeding" (id. at 1458 [internal quotation marks and citations omitted]). Claimant's challenge to the manner in which DOCCS officials conducted disciplinary procedures, and his contention that he was prevented from submitting a timely administrative appeal, involve agency action reviewable by a CPLR article 78 proceeding in Supreme Court (see Cumberland v State of New York, 217 AD3d at 1030; Jones v State of New York, 171 AD3d 1362, 1364 [3d Dept 2019], appeal dismissed 33 NY3d 1056 [2019]; Matter of Barnes v State of New York, 164 AD3d 977, 978 [3d Dept 2018]; Green v State of New York, 90 AD3d 1577, 1578 [4th Dept 2011], lv dismissed & denied [*2]18 NY3d 901 [2012]).
Likewise, claimant's assertion that the misbehavior report was issued in retaliation for his prior complaints to the Office of Special Investigations requires review of administrative action that falls outside the jurisdiction of the Court of Claims, no matter how the claim is characterized (see Cumberland v State of New York, 217 AD3d at 1030). Regardless of how they are phrased, claimant's allegations require review of the underlying agency proceedings and determination. Accordingly, the Court of Claims properly concluded that it lacked subject matter jurisdiction (see id.; Davis v State of New York, 129 AD3d 1353, 1353-1354 [3d Dept 2015], appeal dismissed 26 NY3d 949 [2015]).
The Court of Claims also properly dismissed claimant's cause of action seeking damages for state constitutional violations. A constitutional tort remedy is available only where it is necessary to ensure the full realization of a constitutional right and where no other adequate remedy exists (see Cumberland v State of New York, 217 AD3d at 1031; Jones v State of New York, 171 AD3d at 1363; Alsaifullah v State of New York, 166 AD3d 1426, 1426 [3d Dept 2018]; Blake v State of New York, 157 AD3d 1019, 1020 [3d Dept 2018], lv denied 31 NY3d 905 [2018]). Claimant alleges due process violations arising from misconduct by DOCCS employees involved with his disciplinary proceeding. Claimant had an adequate remedy to challenge the disciplinary proceeding and determination in Supreme Court through CPLR article 78 review. To the extent he sought damages for alleged federal constitutional violations, including free speech violations, "federal constitutional claims may not be asserted against defendant in the Court of Claims, given that the statutory basis for such claims, 42 USC § 1983, authorizes claims only against a 'person' and defendant is not a person within the meaning of this statute" (Cumberland v State of New York, 217 AD3d at 1031 [internal quotation marks, brackets and citations omitted]). Instead, he could have pursued alternative legal remedies in state Supreme Court or in federal court (see Alsaifullah v State of New York, 166 AD3d at 1426-1427; Blake v State of New York, 157 AD3d at 1020). Under these circumstances, the Court of Claims properly dismissed the claim.
Clark, J.P., Aarons, Ceresia and McShan, concur.
ORDERED that the order is affirmed, without costs.