Gomez v State of New York
2026 NY Slip Op 02905
May 7, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Juan Gomez, Appellant,
v
State of New York, Respondent.

Decided and Entered:May 7, 2026
CV-24-1943
Calendar Date: March 24, 2026
Before: Clark, J.P., Aarons, Ceresia, Mcshan And Corcoran, JJ.

Liakas Law, PC, New York City (Jillian Rosen of Pollack, Pollack, Isaac & DeCicco, LLP, New York City, of counsel), for appellant.
Letitia James, Attorney General, Albany (Taylor A. Sutton of counsel), for respondent.

[*1]
McShan, J.
Appeal from an order of the Court of Claims (Catherine Schaewe, J.), entered October 8, 2024, which granted defendant's motion to dismiss the claim.
Claimant, an incarcerated individual, commenced this action seeking monetary damages alleging, among other things, that the Department of Corrections and Community Supervision (hereinafter DOCCS) committed several regulatory and constitutional violations that were racially discriminatory. Between June 2023 and July 2023, claimant alleges that he was improperly issued three misbehavior reports and wrongfully housed in the Special Housing Unit (hereinafter SHU). According to claimant, the first misbehavior report falsely charged him with possessing a weapon, an altered item and contraband while working as a porter. Thereafter, DOCCS issued him two additional misbehavior reports. The first additional report was allegedly in retaliation for filing inmate grievances predicated on his assertion that his first Hearing Officer had predetermined his guilt. The second additional misbehavior report alleged that "[c]laimant made a call for another inmate who was in the SHU" and that claimant had threatened and harassed an officer.
In connection with the disciplinary process, claimant alleges that he was denied the right to present testimony and access the evidence against him, that false testimony was accepted, that false misbehavior reports were issued and that his due process and freedom of speech rights were violated.FN1 As a result, claimant asserts five causes of action: negligence, including negligent hiring, training, retention, supervision and infliction of emotional distress, New York constitutional violations and wrongful confinement. Specifically, he alleges that the disciplinary proceedings were unfairly biased against him and conducted unlawfully based upon evidence that was fabricated by the staff of DOCCS. Defendant moved to dismiss the claim on CPLR 3211 (a) grounds, including lack of subject matter jurisdiction. The Court of Claims granted defendant's motion dismissing the claim in its entirety determining, in sum and substance, that it lacked jurisdiction over the nonconstitutional claims, as they necessitated a review of the underlying administrative determinations, and that claimant had an adequate alternative remedy for his constitutional claims. Claimant appeals.
This case raises issues similar to those presented in Nelson v State of New York (___ AD3d ___ [3d Dept 2026] [decided herewith]), and for the same reasons articulated therein, we affirm. To wit, the Court of Claims properly determined that it lacked subject matter jurisdiction over the nonconstitutional claims, as they ultimately implicate the merits of the underlying agency determinations, regardless of how claimant seeks to characterize them (see Cumberland v State of New York, 217 AD3d 1029, 1030 [3d Dept 2023]; Jones v State of New York, 171 AD3d 1362, 1364 [3d Dept 2019], appeal dismissed 33 NY3d 1056 [2019]; Matter of Barnes [*2]v State of New York, 164 AD3d 977, 978 [3d Dept 2018]; Green v State of New York, 90 AD3d 1577, 1578-1579 [4th Dept 2011], lv dismissed & denied 18 NY3d 901 [2012]; see also Piraino v State of New York, 231 AD3d 1457, 1457-1458 [3d Dept 2024]; Davis v State of New York, 129 AD3d 1353, 1353-1354 [3d Dept 2015], appeal dismissed 26 NY3d 949 [2015]). To the extent that claimant seeks monetary relief for constitutional claims predicated on "systemic" violations of his constitutional rights, "[a] constitutional tort claim is barred when a claimant has an alternative legal remedy to protect his or her constitutional rights" (Deleon v State of New York, 64 AD3d 840, 840 [3d Dept 2009], lv denied 13 NY3d 712 [2009]; see Martinez v City of Schenectady, 97 NY2d 78, 83-84 [2001]). Thus, the availability of the administrative grievance process and, in the event of a denial, an ensuing CPLR article 78 proceeding, forecloses his claim at this time (see Jones v State of New York, 171 AD3d at 1363; Alsaifullah v State of New York, 166 AD3d 1426, 1426-1427 [3d Dept 2018]; Matter of Barnes v State of New York, 164 AD3d at 978; Deleon v State of New York, 64 AD3d at 840-841; see also Oppenheimer v State of New York, 152 AD3d 1006, 1009 [3d Dept 2017]). Accordingly, the Court of Claims properly dismissed claimant's claim in its entirety. Claimant's remaining arguments, to the extent not addressed explicitly, have been considered and found unavailing.
Clark, J.P., Aarons, Ceresia and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1
Claimant does not specifically allege that he was found guilty of charges in the misbehavior reports, however, his guilt may be inferred from the fact that he appealed the dispositions of all three hearings. The record does not provide any information on the results of those administrative appeals.